COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 GEORGE MOLINAR,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-00-00399-CR
  
 Appeal from the
  
 County Court at Law No. 1
  
 of El Paso County, Texas 
  
 (TC# 980C11913) 
  
  
  
 
 


O P I N I O N

 

George Molinar was charged, by
information and complaint, with assault. 
A jury found Molinar guilty of the assault and sentenced him to one day
of confinement and assessed a $4,000 fine against him.  Judgment was entered by the trial court judge
on September 14, 2000.

On September 19, 2000, a motion for
new trial was filed.  The following day,
notice of appeal was filed.








Molinar was represented at trial by
the Public Defender.  A hearing on
indigency was ordered for October 4.  On
October 10, the Public Defender filed a motion to withdraw as attorney on
appeal.  Appellant filed an objection to
the motion.  We ordered a hearing to
determine whether Molinar wished to pursue the appeal, whether he had retained
counsel, or whether he was indigent and entitled to appointment of
counsel.  After the hearing, the trial
court found that Molinar wished to pursue the appeal.  Moreover, it determined that appellant was not
indigent or entitled to appointment of counsel.

Any reporter=s record was due January 12,
2001.  On January 24, the court reporter
notified this Court that no designation or satisfactory arrangement had been
made for the preparation of the record. 
Additionally, Molinar appeared to be without counsel.  We ordered another hearing on Molinar=s status.  Pursuant to that hearing, the trial court
found that Molinar wished to pursue the appeal, that he was not then
represented by counsel, that he was not indigent, that he was able to make
partial payments toward the cost of the reporter=s record, and that he could make
partial payments within forty-five days.

The reporter=s record was next due May 23.  On May 7, the court reporter notified this
Court that no arrangements had been made regarding the record.  We ordered that the trial court conduct
another hearing to determine whether Molinar wished to continue his appeal and
whether he had retained counsel.








At the hearing, Molinar asserted his
desire to pursue the appeal and requested that he be permitted to represent
himself.  He was questioned about his
reasons for continuing pro se.  Then he
was advised about dangers of representing himself.  He was also admonished that this Court might
consider and rule on his appeal without a reporter=s record.  The court then found that Molinar was
competent to represent himself on appeal.

Another status hearing was held on
October 22, 2001.  The court found that
appellant wished to pursue his appeal. 
The court recommended that appellant be permitted to secure counsel no
later than December 31, 2001 and that appellant be permitted to file the
reporter=s record.

In a letter dated November 29, the
Clerk of this Court informed appellant that pursuant to the trial court
findings, it appeared to this Court that appellant would be retaining new
counsel.  The letter also stated that if
payment for the reporter=s record were made, the Court should be advised of them.  Neither of the events has occurred.  In a letter dated January 29, 2002, the Clerk
informed appellant that because he had not retained new counsel or made
arrangements for preparation of the reporter=s record, his appeal would be
submitted on the clerk=s record only.

We believe that appellant has had
notice and reasonable opportunity to cure his defects.  We may therefore consider only those points
that do not require the reporter=s record.  See Tex.
R. App. P. 37.3(c).  And although
appellant has not filed a brief, we may consider the appeal without a
brief.  See Tex. R. App. P. 38.8(b)(4); Lott v.
State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).








No issue has been presented for
consideration.  We review appellant=s case only for fundamental error,
and we find none.

Conclusion

We affirm the judgment of the trial
court.

 

                                                                        


SUSAN
LARSEN, Justice

June 27, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)