MOORE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-395-CR

STANLEY KENT MOORE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Stanley Kent Moore was convicted of driving while intoxicated.  He pled nolo contendere and, pursuant to a plea agreement, was sentenced to six months’ confinement in the Tarrant County Jail.

Appellant was represented by counsel at trial, first by appointed counsel, then by retained counsel.  The trial court sentenced Appellant on September 4, 2002, and Appellant filed his pro se notice of appeal on October 3, 2002.  On March 10, 2003, we granted retained counsel’s motion to withdraw, notifying Appellant that he had the right to retain appellate counsel or proceed pro se. Appellant did not notify us whether he desired to proceed.  The record does not reflect that Appellant is indigent.  No record or briefs have been filed.

Because no brief was filed on Appellant’s behalf within the time prescribed, 
we abated the appeal for the trial court 
to determine if Appellant desired to prosecute his appeal, if he was indigent, if he required appointed counsel, or if retained counsel had failed to pursue the appeal.  
See
 
Tex. R. App. P. 
38.8(b)(2).  The trial court held two abatement hearings.  On June 17, 2003, the trial court sent Appellant notice of the July 2, 2003 hearing to his last known physical address.  Appellant did not respond to the notice or appear at the hearing.  The trial court reset the hearing to July 9, 2003, and sent the notice to Appellant again, this time to another known address of Appellant.  Appellant did not appear at the hearing.  The trial court found that the Appellant had sufficient notice of the hearings and that the district clerk had made every attempt to notify Appellant of the trial settings, and sent the cause back to this court for further action.

We notified the parties that we would consider the appeal without briefs.  Appellant did not respond.  The records of this court show that Appellant has made no attempt to pursue his appeal.  We therefore submitted the case without the benefit of briefs and, in the interest of justice, reviewed the entire record.  
See
 
Tex. R. App. P
. 38.8(b)(4).  Having found no unassigned fundamental error, we affirm the trial court’s judgment.  
See Lott v. State,
 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).

PER CURIAM

PANEL F: HOLMAN, DAY, and LIVINGSTON, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: August 7, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.