COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-150-CR
 
RALPH BERT SPEARS           
           
           
           
           
      APPELLANT
V.
THE STATE OF TEXAS        
           
           
           
           
           
STATE
------------
FROM THE 211TH DISTRICT COURT OF DENTON COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Ralph Bert Spears appeals
his conviction for driving while intoxicated. We affirm.
Appellant filed his notice of
appeal on April 26, 2002. On August 12, 2002, we granted Appellant's retained
counsel's motion to withdraw and Appellant's motion for substituted counsel. On
October 1, we notified Appellant's newly retained counsel that the court
reporter responsible for preparing the reporter's record in this appeal had
informed this court that no arrangements had been made to pay for the reporter's
record. See Tex. R. App. P. 35.3(b)(3). We further notified Appellant's
counsel that unless we received proof of payment by October 16, 2002, the court
would consider and decide those points that did not require a reporter's record
and that Appellant's brief would be due on November 15, 2002.
Appellant failed to respond to our
notification. Appellant's second retained counsel then filed a motion to
withdraw on February 13, 2003, stating, among others reasons, that he had lost
contact with Appellant, that his letters to Appellant concerning payment for the
reporter's record had gone unanswered, and that Appellant had failed to pay for
the majority of his legal services. On March 11, 2003, we granted the motion to
withdraw and ordered the appeal abated to determine, among other things, whether
Appellant desired to prosecute the appeal.
Appellant did not attend the
abatement hearing, which was held on April 10, 2003. At the hearing, the trial
court stated that two notices had been sent to Appellant's last known addresses,
and both were returned to the court. The court determined that there was no
indication that Appellant was indigent or that he wanted to prosecute his
appeal.
Based on the trial court's findings
at the abatement hearing, the appeal was submitted without briefs on August 22,
2003. See Tex. R. App. P. 38.8(b). Absent Appellant's brief, no issues
or points are properly before this court, and our examination of the record does
not reveal unassigned fundamental error. See Lott v. State, 874 S.W.2d
687, 688 (Tex. Crim. App. 1994). Accordingly, we affirm the trial court's
judgment.
 
           
           
           
           
           
           
PER CURIAM
 
PANEL F: GARDNER, J.; CAYCE, C.J.;
and DAY, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 26, 2003

1. See Tex. R. App. P. 47.4.