COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-183-CR

 

 

MICHAEL
WAYNE BROWN                                                    APPELLANT

 

                                                   V.

 

THE STATE
OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Michael Wayne Brown appeals his
convictions for two counts of aggravated sexual assault of a child and two
counts of indecency with a child.  A jury
found Appellant guilty of all four counts and assessed punishment of fourteen
years for each of the assault counts and five years for each of the indecency
counts.  As we will describe in more
detail below, we submitted this appeal without briefs having been filed on
behalf of either party.  See Tex. R. App. P. 38.8(b)(4).  Having reviewed the record in the interest of
justice and finding no unassigned fundamental error, we affirm the trial court=s
judgment.  

Although Appellant was represented by retained
counsel, he filed a pro se notice of appeal on May 18, 2005.  Appellant=s brief
was originally due on September 19, 2005. 
On September 29, 2005, this court notified Appellant=s
retained trial counsel, Harry Harris,[2]
that no brief had yet been filed.








On November 14, 2005, Mr. Harris and Mr. Harding
both filed motions to withdraw.  On
November 17, we abated the appeal and remanded the case to the trial court to
determine whether Appellant was indigent and whether new counsel should be
appointed to represent him.  The trial
court held a hearing and found that Mr. Harris and Mr. Harding should be
allowed to withdraw and that Appellant was not indigent.  Accordingly, we granted counsels= motions
to withdraw.  We also reviewed the record
of the indigence hearing and determined that the trial court did not abuse its
discretion by determining that Appellant was not indigent.  But we again abated and remanded the case to
the trial court to determine whether Appellant desired to represent himself and
to admonish him accordingly.  The trial
court held another hearing and admonished Appellant regarding
self-representation.  

When the appeal was reinstated, we ordered
Appellant=s brief due on March 17,
2006.  Thereafter, we granted three
extensions of time to Appellant, and his brief was ultimately due on April 17,
2007.  When Appellant failed to file a
brief on or before April 17, we notified the parties that the case would be
submitted without briefs.  See Tex. R. App. P. 38.8(b)(4).

Because
Appellant failed to file a brief, no issues or points are properly before this
court.  See Tex. R. App. P. 38.1(e).  We have reviewed the record in the interest
of justice.  See Tex. R. App. P. 38.8(b)(4).  Our examination does not reveal unassigned
fundamental error.  See Lott v. State,
874 S.W.2d 687, 688 (Tex. Crim. App. 1994). 
Accordingly, we affirm the trial court=s judgment. 

PER
CURIAM

 

PANEL F: GARDNER,
LIVINGSTON, and DAUPHINOT, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED:  July 19, 2007











[1]See Tex. R. App. P. 47.4.





[2]Mr. Harris and attorney
William Harding were Appellant=s retained trial counsel.