COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NOS.
 2-06-141-CR

        2-06-142-CR

        2-06-143-CR

 

ELIZABETH ANNE ROHR                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM THE 211TH
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Elizabeth Anne Rohr
appeals her convictions for interference with child custody.  A jury found Appellant guilty and assessed
punishment of two years= confinement in the state jail
and a $10,000 fine; the trial court sentenced Appellant accordingly but
suspended the imposition of her sentence and placed her on community
supervision for five years.








Although still represented by retained counsel,
Appellant filed a pro se notice of appeal on April 13, 2006.  The trial court signed its written order
permitting Appellant=s counsel to withdraw on June
23, 2006.  Therefore, we abated the
appeal on July 3, 2006, and we remanded the case to the trial court to
determine whether Appellant wanted to continue her appeal and, if so, whether
she wanted to proceed pro se.  The trial
court held a hearing, at which it found that Appellant wished to proceed pro se
after being duly admonished; the trial court also considered Appellant=s claim
of indigency and found that she had sufficient resources to pay her own
costs.  We reviewed the record of the
hearing and determined on October 4, 2006, that the trial court did not abuse
its discretion by determining that Appellant was not indigent.  








Because Appellant did not make arrangements to
pay for the reporter=s record, we informed her on
November 16, 2006, that the court would consider and decide only those issues
or points that do not require a reporter=s record
for a decision.[2]  See Tex.
R. App. P. 37.3(c)(2).  We ordered
Appellant=s brief due on December 18,
2006.  After learning from Appellant=s
husband that her address had changed, we extended the due date for Appellant=s brief
to January 22, 2007.  Thereafter, we
refused Appellant=s request to reconsider our
October 4, 2006 order affirming the trial court=s
finding of nonindigence, but we granted two additional extensions of time to
Appellant to file her appellate brief. 
Her brief was ultimately due June 21, 2007.  

When Appellant failed to file a brief on or
before June 21, 2007, we again abated the appeal and remanded the case to the
trial court to determine whether she desired to prosecute her appeal and
whether she had made the necessary arrangements for filing an appellate
brief.  The trial court held a hearing and
found that appellant had not made the necessary arrangements for filing a
brief.  Therefore, we notified the
parties on August 20, 2007, that the case would be submitted without
briefs.  See Tex. R. App. P. 38.8(b)(4).  

Because Appellant failed to file a brief, no
issues or points are properly before this court.  See Tex.
R. App. P. 38.1(e).  We have
reviewed the record in the interest of justice. 
See Tex. R. App. P.
38.8(b)(4).  Our examination does not
reveal unassigned fundamental error.  See
Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).  Accordingly, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL F:    MCCOY,
DAUPHINOT, and HOLMAN, JJ.

 

DO NOT PUBLISH

Tex.
R. App. P.
47.2(b)

 

DELIVERED: January 31,
2008











[1]See Tex. R. App. P. 47.4.





[2]The clerk=s record was filed on
June 14, 2006.