

**NUMBER 13-05-00241-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**RODNEY LYNN WOOTEN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 268th District Court of Fort Bend, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Benavides**
**Memorandum Opinion by Chief Justice Valdez**

Rodney Lynn Wooten, appellant, was convicted for the offense of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04 (Vernon Supp. 2007). His sentence was assessed at confinement for two years. On February 4, 2005, the trial court suspended the imposition of the sentence and placed appellant on community supervision for two years. Appellant filed a notice of appeal on March 7, 2005.

This Court was notified by the court reporter that appellant had failed to pay or make arrangements to pay the fee to prepare the reporter's record. On October 6, 2005, this Court abated the case so that the trial court could conduct a hearing and determine whether the appellant (1) desired to prosecute his appeal and (2) was indigent or if not indigent, whether counsel had abandoned the appeal. The trial court conducted the hearing, which appellant attended, and found that appellant was not indigent and that he wished to continue his appeal. The reporter's record, however, was not filed after the trial court's hearing.

On March 23, 2006, this Court abated the case for a second time so that the trial court could conduct a hearing on the same issues as noted in the prior abatement order. The trial court conducted a second hearing, which appellant did not attend, and found that appellant was not indigent and that he wished to continue his appeal. Furthermore, the court reporter testified that the appellant had not made any arrangements for payment of the record.

This Court's two attempts to obtain the reporter's record have been futile. Additionally, appellant has not filed a brief. Having given appellant ample notice and opportunity to cure the record deficiencies, the appeal is submitted for decision without a reporter's record and without briefs. *See* TEX. R. APP. P. 37.3(c)(1). In the interest of justice, we will review the clerk's record.

When an appellant fails to file a brief, an appellate court's review of the record is limited to fundamental errors. *See Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994). There are three categories of fundamental error: (1) errors recognized by the legislature as fundamental; (2) violation of rights which are waivable only; and (3) the denial

2

of absolute, systemic requirements. *See Saldano v. State*, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002).

In *Saldano*, the court of criminal appeals enumerated the following "fundamental errors": (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the separation of powers section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge which taint the presumption of innocence. *See id.* at 888-89.

Our examination of the record does not reveal unassigned fundamental error. Accordingly, we affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

_____

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 26th day of June, 2008.

3