NUMBER 13-05-00241-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________ _


RODNEY LYNN WOOTEN, Appellant,


v.



THE STATE OF TEXAS, Appellee.

_______________________________________________________


On appeal from the 268th District Court of Fort Bend, Texas.


_______________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Garza and Benavides

Memorandum Opinion by Chief Justice Valdez


 Rodney Lynn Wooten, appellant, was convicted for the offense of injury to a child. 
See Tex. Penal Code Ann. § 22.04 (Vernon Supp. 2007). His sentence was assessed at
confinement for two years. On February 4, 2005, the trial court suspended the imposition
of the sentence and placed appellant on community supervision for two years. Appellant
filed a notice of appeal on March 7, 2005. 

 This Court was notified by the court reporter that appellant had failed to pay or make
arrangements to pay the fee to prepare the reporter's record. On October 6, 2005, this
Court abated the case so that the trial court could conduct a hearing and determine
whether the appellant (1) desired to prosecute his appeal and (2) was indigent or if not
indigent, whether counsel had abandoned the appeal. The trial court conducted the
hearing, which appellant attended, and found that appellant was not indigent and that he
wished to continue his appeal. The reporter's record, however, was not filed after the trial
court's hearing.

 On March 23, 2006, this Court abated the case for a second time so that the trial
court could conduct a hearing on the same issues as noted in the prior abatement order. 
The trial court conducted a second hearing, which appellant did not attend, and found that
appellant was not indigent and that he wished to continue his appeal. Furthermore, the
court reporter testified that the appellant had not made any arrangements for payment of
the record. 

 This Court's two attempts to obtain the reporter's record have been futile. 
Additionally, appellant has not filed a brief. Having given appellant ample notice and
opportunity to cure the record deficiencies, the appeal is submitted for decision without a
reporter's record and without briefs. See Tex. R. App. P. 37.3(c)(1). In the interest of
justice, we will review the clerk's record.

 When an appellant fails to file a brief, an appellate court's review of the record is
limited to fundamental errors. See Lott v. State, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App.
1994). There are three categories of fundamental error: (1) errors recognized by the
legislature as fundamental; (2) violation of rights which are waivable only; and (3) the denial
of absolute, systemic requirements. See Saldano v. State, 70 S.W.3d 873, 887-88 (Tex.
Crim. App. 2002). 

 In Saldano, the court of criminal appeals enumerated the following "fundamental
errors": (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of
ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the
defendant; (5) absence of subject-matter jurisdiction; (6) prosecution under a penal statute
that does not comply with the separation of powers section of the state constitution; (7) jury
charge errors resulting in egregious harm; (8) holding trials at a location other than the
county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge
which taint the presumption of innocence. See id. at 888-89.

 Our examination of the record does not reveal unassigned fundamental error. 
Accordingly, we affirm the trial court's judgment.

 


 

 ROGELIO VALDEZ

 Chief Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 26th day of June, 2008.