**George Douglas LOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 71690.

Court of Criminal Appeals of Texas.

April 27, 1994.

George Douglas Lott, pro se.

Tim Curry, Dist. Atty., Edward L. Wilkinson, Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for State.

### OPINION

MALONEY, Judge.

Appellant was convicted of capital murder for the intentional murder of two individuals during the same criminal transaction. TEX.PENAL CODE ANN. § 19.03(a)(6)(A). Although the offense originated in Tarrant County, where appellant was indicted, the cause was transferred to Potter County pursuant to the trial court's own motion. TEX. CODE CRIM.PROC.ANN. art. 31.01. The jury answered the special issues in the affirmative and the trial court sentenced appellant to death. TEX.CODE CRIM.PROC.ANN. art. 37.-071(b). Appeal to this Court is automatic. TEX.CODE CRIM.PROC.ANN. art. 37.071(h). We will affirm.

Appellant chose to represent himself at trial and on appeal. The trial court fully admonished appellant of the dangers and disadvantages of self-representation prior to trial and prior to this appeal. *See* U.S. Const. VI and XIV Amendments; Tex.

Const. Art. I, § 10; *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Hawkins v. State,* 613 S.W.2d 720 (Tex.Crim.App.1981). Appellant, an inactive attorney, is not indigent.

Appellant has not filed a brief on his behalf in this appeal.[1] We therefore submitted the case without the benefit of briefs and, in the interest of justice, reviewed the entire record.[2] Having found no unassigned fundamental error, we affirm the judgment of the trial court.

OVERSTREET, J., concurs.

McCORMICK, P.J., and CAMPBELL, BAIRD, and MEYERS, JJ., not participating.

---

1. On June 1, 1993, appellant filed a motion for an extension of time to file the statement of facts and requisite affidavit. Appellant's motion was granted on June 4, 1993, and the Statement of Facts was filed on July 15, 1993. Appellant's brief was due to be filed on or before August 16, 1993. On September 10, 1993, we advised appellant that his brief had been due on August 16, and directed him to either file his brief or seek an extension of time. Having received neither a brief nor a request for an extension of time, on October 4, 1993, we ordered appellant to file his brief on or before January 14, 1994. We also informed appellant that no request for an extension of time beyond that date would be entertained, and that in the event no brief was filed on or before that date, the cause would be submitted for summary decision without the benefit of briefs. Appellant has never filed a brief.

2. Rule of Appellate Procedure 74(*l*)(2) provides that in the event a brief is not filed on behalf of the appellant within the time prescribed, the appellate court shall remand the cause to the trial court to determine whether counsel has been negligent in filing an appeal, whether the appellant desires to prosecute his appeal, or whether substitute counsel must be appointed if an indigent appellant desires to prosecute his appeal. However, where an appellant chooses to appear *pro se* and has been warned of the dangers of *pro se* representation on appeal, there is no need to remand for a Rule 74(*l*)(2) hearing. *See Coleman v. State,* 774 S.W.2d 736 (Tex. App.—Houston [14th Dist.] 1989, no pet.).