


# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM T. KENDRICK, Appellant

No. 05-92-01847-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 203rd District Court of Dallas County, Texas. (Tr.Ct.No. F91-23381-RP).
Opinion delivered per curiam, before Justices Lagarde, Kinkeade, and Maloney.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered December 23, 1996.

FRANCES MALONEY
JUSTICE

**AFFIRM and Opinion Filed December 20, 1996**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-92-01847-CR

**WILLIAM T. KENDRICK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd District Court**
**Dallas County, Texas**
**Trial Court Cause No. F91-23381-RP**

## OPINION PER CURIAM

Before Justices Lagarde, Kinkeade, and Maloney

The trial court convicted William T. Kendrick of felony driving while intoxicated and assessed a five year sentence and a fine of $2,000.[1] Appellant timely appealed his conviction. However, this appeal is before us without appellant's brief. For the following reasons, we affirm the trial court's judgment.

On September 8, 1994, this Court ordered the trial court to conduct a hearing to

---

[1] Appellant pleaded *nolo contendere* without the benefit of a plea bargain.

determine why appellant had not filed his brief. *See* TEX. R. APP. P. 74(*l*)(2). The trial court found that appellant wanted to prosecute his appeal, appellant was not indigent, and that retained counsel had not abandoned the appeal. The record from this hearing shows that appellant had not filed his brief because the statement of facts had never been filed with this Court.

On November 2, 1994, this Court adopted the trial court's findings and ordered appellant to file the statement of facts by November 22, 1994 and a brief by December 2, 1994. On December 9, 1994, appellant filed the statement of facts with this Court. On December 12, 1994, we ordered appellant to file his brief by January 11, 1995. Again, appellant did not file a brief. On November 6, 1996, we ordered appellant to file his brief by December 6, 1996. As of the date of this opinion, appellant has not filed a brief.

The Texas Rules of Appellate Procedure provide that we should not dismiss nor consider a criminal appeal without briefs unless appellant (1) no longer desires to prosecute the appeal, or (2) is not indigent and has failed to make the necessary arrangements for filing a brief. *See* TEX. R. APP. P. 74(*l*)(2). This rule protects an indigent appellant from appointed counsel's failure to provide a brief. *Coleman v. State*, 774 S.W.2d 736, 738 (Tex. App.--Houston [14th Dist.] 1989, no pet.). The *Coleman* court opined that no accused should be denied his right of appeal; however, justice requires that an appellant exercise his appellate rights within the rules of appellate procedure. *Coleman*, 774 S.W.2d at 738-39. The *Coleman* court also concluded that requiring any appellant to follow the rules does not

improperly infringe on his right of appeal. *Id.*

Here, the trial court sentenced appellant on July 30, 1992. He filed his notice of appeal that same day. We ordered the trial court to conduct a hearing to determine why appellant did not file his brief. The trial court found that appellant wished to prosecute his appeal and his *retained* attorney had not abandoned appellant's appeal. Rather, the attorney was waiting for the statement of facts to be filed in this Court. That statement of facts was filed over two years ago.

Appellant has not filed a brief since the statement of facts was filed in this Court. Instead, appellant has ignored our communications concerning the filing of his brief. Therefore, we conclude that the interests of justice require that this appeal be submitted without briefs upon the record before us. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).

Because no brief has been filed, no contentions of error are properly before us for review. In the interest of justice, we have reviewed the entire record. Our examination of the record does not disclose any fundamental error. We affirm the trial court's judgment.

PER CURIAM

Do Not Publish
Tex. R. App. P. 90
921847F.U05

-3-