No. 04-01-00442-CR


Troy Michael MCMAHON,

Appellant


v.


The STATE of Texas,

Appellee


From the County Criminal Court at Law No. 14, Harris County, Texas

Trial Court No. 1043939

Honorable Michael R. Fields, Judge Presiding


PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: June 12, 2002


AFFIRMED


 Appellant, Troy Michael McMahon, was convicted by a jury of failure to stop and give
information. Appellant pled true to the allegations contained in an enhancement paragraph of the
information, and the jury assessed punishment at confinement for 180 days in the Harris County jail
and a fine of $2,000. The court imposed sentence on April 11, 2001. Appellant timely filed a notice
of appeal on the same date.

 The clerk's record was filed in this Court. However, no briefs have been filed. Appellant's
brief was originally due on September 5, 2001. The court notified appellant's counsel, David H. Falk,
of the deficiency. We received no written response, and on October 18, 2001, we ordered Falk to
file appellant's brief no later than November 5, 2001. The brief was not filed. Therefore, on
November 19, 2001, we abated this appeal and remanded the case to the trial court to conduct a
hearing pursuant to Rule 38.8 (b)(2) of the Texas Rules of Appellate Procedure. 

 The trial court held a hearing on January 17, 2002. Mr. Falk and a representative of the State
appeared; however, appellant did not. Mr. Falk and the trial court's court coordinator testified about
their unsuccessful efforts to contact appellant. At the conclusion of the hearing, the trial court found:
(1) Mr. Falk has been temporarily suspended from the practice of law and no longer represents
appellant; (2) appellant no longer wishes to prosecute the appeal; and (3) appellant is not indigent.
The court also noted that appellant served his underlying sentence prior to resolution of his appeal.
The reporter's record of the hearing, including the trial court's oral findings, has been filed in this
court. We reinstated the appeal on January 31, 2002, and ordered the appeal to be considered
without an appellant's brief. The State elected to not file a brief.

 Rule 38.8(b)(4) of the Texas Rules of Appellate Procedure provides, in pertinent part:

 If the trial court has found that appellant no longer desires to prosecute the appeal,
or that appellant is not indigent but has not made the necessary arrangements for filing
a brief, the appellate court may consider the appeal without briefs, as justice may
require.

Tex. R. App. P. 38.8(b)(4). The trial court made appropriate findings that allow this court to consider
the appeal without briefs. Accordingly, only the record is presented for review. We have reviewed 

the record for fundamental error and find none. See Lott v. State, 874 S.W.2d 687, 688
(Tex.Crim.App.1994).

 We affirm the judgment of the trial court.

 Per Curiam

DO NOT PUBLISH