COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 JOE DAVIS,
  
                             Appellant,
  
 v.
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-02-00053-CR
  
 Appeal from
  
 County Court at Law No. 2
  
 of Ector County, Texas 
  
 (TC# 00-1332) 
  
 
 


O P I N I O N

 

Joe Davis gave notice of appeal from
judgment and sentence entered against him. 
The clerk=s record was filed February 11, 2002.  The reporter=s record was due March 3.  The court reporter notified this Court that
no arrangements had been made regarding the appellate record.  On March 4, the Clerk of this Court sent
appellant=s counsel a letter directing him to
notify the office immediately as to arrangements he had made or intended to
make.  The letter stated that if no
response or satisfactory arrangements were made within ten days, we would refer
this matter to the trial court to conduct a hearing to determine if appellant
had been deprived of a reporter=s record for any reason.








On March 20, we ordered the trial
court to conduct a hearing to determine whether appellant wished to continue
his appeal, whether he was entitled to the reporter=s record at county expense, or
whether he was entitled to appointment of new counsel.  The trial court held the appropriate hearing
on April 16.  Appellant was not present,
although his counsel was.[1]  Counsel advised the court that appellant had
not paid any expenses regarding the appeal although appellant had paid him a
minimal amount for other services. 
Counsel also asserted that appellant knew that $750 was needed for the
reporter=s record.

As a result of the hearing, the trial
court found that appellant had competent counsel; appellant was currently out
on $5,000 cash bond and did not need appointed counsel; and that appellant had
failed to pay his attorney or any expenses involving the appeal.  Thus, the court determined that appellant was
no longer interested in pursuing the appeal.

On June 18, we ordered that, pursuant
to Tex. R. App. P. 37.3(c), the
appeal be submitted on the clerk=s record alone.

Appellant has not filed a brief.  Therefore, we consider the appeal without a
brief.  See Tex. R. App. P. 38.8(b)(4); Lott v.
State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).








No issue has been presented for
consideration.  We review appellant=s case only for fundamental error,
and we find none.

Conclusion

We affirm the judgment of the trial
court.

 

                                                                        


SUSAN
LARSEN, Justice

July 25, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

(Do Not Publish)

 











[1]Appellant=s counsel informed the trial court that
appellant was scheduled to have surgery on April 15 and was hospitalized in
Lubbock.  However, the trial court noted
that it had called five hospitals in Lubbock and two in Odessa and appellant
was not a registered patient at any of them.