COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

ISRAEL RODRIGUEZ GUEVARA,                     )

                                                                              )             
No.  08-02-00130-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
238th District Court

THE STATE OF TEXAS,                                     )

                                                                              )           
of Midland County, Texas

Appellee.                           )

                                                                              )                 
(TC# CR-26,457)

                                                                              )

 

 

O
P I N I O N

 

Appellant Israel
Rodriguez Guevara appeals his conviction for the offense of arson.  The jury found Appellant guilty and assessed
punishment at 5 years=
imprisonment in the Institutional Division of the Texas Department of Criminal
Justice and a fine of $1,000.  We affirm.

PROCEDURAL
BACKGROUND AND DISCUSSION








Following his
conviction, Appellant posted an appeal bond and his retained counsel filed a
notice of appeal on Appellant=s
behalf on April 19, 2002.  An extension
to file the reporter=s
record was granted on June 11, 2002, which extended the filing deadline to
August 25, 2002.  On August 5, 2002,
Appellant=s counsel
filed a motion to withdraw because Appellant had failed to pay his attorney=s fees or make financial arrangements
with the court reporter.  Pursuant to
this Court=s order
dated August 9, 2002, the trial court conducted a hearing on August 23, 2002,
to determine whether Appellant wished to continue with the appeal, if he was
entitled to 

court-appointed counsel, or if he
wished to proceed pro se.  In the
trial court=s written
findings signed on September 3, 2002, it determined that Appellant was not
indigent, wished to continue with the appeal, and did not wish to proceed pro
se.

By letter dated
September 12, 2002, this Court informed Appellant that on its own motion we
were extending the time to file the reporter=s
record to October 12, 2002.  In the same
letter, we informed Appellant that if no reporter=s
record was filed by such date, the Court would reconsider Appellant counsel=s motion to withdraw and would submit
the case on the clerk=s
record alone, without briefs.  By letters
dated October 8, 2002 and October 18, 2002, the court reporter notified this
Court that Appellant had not designated the record and had failed to make
financial arrangements.  On October 24,
2002, this Court granted Appellant=s
counsel=s motion
to withdraw and ordered that the appeal be submitted on the clerk=s record alone.  This cause was set for submission without
oral argument for February 25, 2003. 
With the assistance of new retained counsel, Appellant filed a motion for
extension of time in which to pay for the reporter=s
record and requested that the submission date be vacated.  By order dated February 20, 2003, the Court
granted the motion, vacated the submission date, and ordered Appellant to make
financial arrangements to pay for the reporter=s
record by March 19, 2003.  By letter
dated March 19, 2003, the court reporter informed the Court that no designation
of the record or financial arrangements had been made as of that date.








On March 26, 2003,
Appellant filed a second motion for extension of time to file the reporter=s record.  The Court denied Appellant=s motion in accordance with the
memorandum opinion on the motion issued on April 24, 2003.  In that opinion, this Court determined that
Appellant had been given notice and reasonable opportunity to cure the defect
under Tex.R.App.P. 37.3(c) and
that Appellant had failed to provide any excuse, reasonable or otherwise, for
his failure to pay for the reporter=s
fee by the due date pursuant to Tex.R.App.P.
10.5(b)(1)(C).  On May 7, 2003, the Court
denied Appellant=s motion
to reconsider his second motion for extension of time to file the reporter=s record.  This cause has been submitted on the clerk=s record alone, without briefs.  See Tex.R.App.P.
38.8(b)(4), 37.3(c).

In the interest of
justice, we have reviewed the entire record for the purpose of determining
whether fundamental unassigned error exists. 
See Lott v. State, 874 S.W.2d 687, 688 (Tex.Crim.App. 1994).  Having found no such error, the judgment of
the trial court is affirmed.

 

 

February 5, 2004

DAVID WELLINGTON CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)