COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-183-CR

MICHAEL WAYNE BROWN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Michael Wayne Brown appeals his convictions for two counts of aggravated sexual assault of a child and two counts of indecency with a child.  A jury found Appellant guilty of all four counts and assessed punishment of fourteen years for each of the assault counts and five years for each of the indecency counts.  As we will describe in more detail below, we submitted this appeal without briefs having been filed on behalf of either party.  
See
 
Tex. R. App. P.
 38.8(b)(4).  Having reviewed the record in the interest of justice and finding no unassigned fundamental error, we affirm the trial court’s judgment.  

Although Appellant was represented by retained counsel, he filed a pro se notice of appeal on May 18, 2005.  Appellant’s brief was originally due on September 19, 2005.  On September 29, 2005, this court notified Appellant’s retained trial counsel, Harry Harris,
(footnote: 2) that no brief had yet been filed.

On November 14, 2005, Mr. Harris and Mr. Harding both filed motions to withdraw.  On November 17, we abated the appeal and remanded the case to the trial court to determine whether Appellant was indigent and whether new counsel should be appointed to represent him.  The trial court held a hearing and found that Mr. Harris and Mr. Harding should be allowed to withdraw and that Appellant was not indigent.  Accordingly, we granted counsels’ motions to withdraw.  We also reviewed the record of the indigence hearing and determined that the trial court did not abuse its discretion by determining that Appellant was not indigent.  But we again abated and remanded the case to the trial court to determine whether Appellant desired to represent himself and to admonish him accordingly.  The trial court held another hearing and admonished Appellant regarding self-representation.  

When the appeal was reinstated, we ordered Appellant’s brief due on March 17, 2006.  Thereafter, we granted three extensions of time to Appellant, and his brief was ultimately due on April 17, 2007.  When Appellant failed to file a brief on or before April 17, we notified the parties that the case would be submitted without briefs.  
See
 
Tex. R. App. P.
 38.8(b)(4).

Because Appellant failed to file a brief, no issues or points are properly before this court.  
See
 
Tex. R. App. P.
 38.1(e).  We have reviewed the record in the interest of justice.  
See
 
Tex. R. App. P.
 38.8(b)(4).  Our examination does not reveal unassigned fundamental error.  
See Lott v. State
, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). 
 Accordingly, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: GARDNER, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  
July 19, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Mr. Harris and attorney William Harding were Appellant’s retained trial counsel.