

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-117-CR

NICHOLAS MICHAEL LANDIS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Nicholas Michael Landis, pro se, appeals from his conviction for misdemeanor assault. The appeal was submitted without a reporter's record or briefs. We affirm.

Appellant's appointed trial counsel filed a notice of appeal on April 5, 2007. Appellant filed an application for a court-appointed attorney for appeal,

---

[1]*See* TEX. R. APP. P. 47.4.

but on May 2, 2007, the trial court found that Appellant had sufficient financial resources to employ counsel and dismissed appointed trial counsel from the case.

On May 3, 2007, the trial court clerk notified this court that Appellant had not made arrangements to pay for the clerk's record. On May 7, we notified Appellant that the appeal would be dismissed if he did not make arrangements to pay for the clerk's record by May 22. Appellant paid for the clerk's record on May 15.

On May 21, the court reporter advised this court that Appellant had not paid for the reporter's record. That same day, we notified Appellant that unless he made arrangements to pay for the reporter's record by June 5, the appeal would be submitted for consideration of those issues that did not require a reporter's record for decision. On June 14, the court received a letter from Appellant essentially asking for an extension of time to pay for the reporter's record because he was unaware of his responsibility to pay for it. On June 20, we sent Appellant a letter stating how and where to pay for the reporter's record and setting a deadline of July 3 for so doing. On July 11, the court reporter notified us that Appellant still had not contacted the reporter or made arrangements to pay for the reporter's record. Accordingly, on July 12, we

2

ordered that we would only consider and decide those points that do not require a reporter's record for review and ordered Appellant's brief due on August 13. *See* TEX. R. APP. P. 37.3(c)(2), 38.6.

On August 21, we notified Appellant that we had not received his brief and stated that we would abate the appeal and remand the case to the trial court for a hearing unless Appellant filed, on or before August 31, a motion explaining his failure to file a brief and the need for an extension. *See* TEX. R. APP. P. 10.5(b), 38.8(b)(2). Appellant did not file such motion, so on September 21, we abated the appeal and remanded the case to the trial court for a hearing to determine, among other things, whether Appellant desired to continue the appeal, why he had not filed a brief, and whether an attorney should be appointed to represent him.

The trial court found that Appellant is not indigent, and it appeared from the record of the abatement hearing that Appellant had made no arrangements for filing a brief. Therefore, on October 26, 2007, we ordered the appeal submitted without briefs. *See* TEX. R. APP. P. 38.8(b)(4).

Because Appellant failed to file a brief, no issues or points are properly before this court. *See* TEX. R. APP. P. 38.1(e). We have reviewed the record in the interest of justice. *See* TEX. R. APP. P. 38.8(b)(4). Our examination does

3

not reveal unassigned fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). Accordingly, we affirm the trial court's judgment.

PER CURIAM

PANEL F:   GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 13, 2008