COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-117-CR

 

 

NICHOLAS MICHAEL LANDIS                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

         FROM
COUNTY CRIMINAL COURT NO. 3 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Nicholas Michael
Landis, pro se, appeals from his conviction for misdemeanor assault.  The appeal was submitted without a reporter=s record or briefs.  We affirm.








Appellant=s appointed trial counsel filed a notice of appeal on April 5,
2007.  Appellant filed an application for
a court-appointed attorney for appeal, but on May 2, 2007, the trial court
found that Appellant had sufficient financial resources to employ counsel and
dismissed appointed trial counsel from the case. 

On May 3, 2007, the trial
court clerk notified this court that Appellant had not made arrangements to pay
for the clerk=s
record.  On May 7, we notified Appellant
that the appeal would be dismissed if he did not make arrangements to pay for
the clerk=s record by
May 22.  Appellant paid for the clerk=s record on May 15.








On May 21, the court reporter
advised this court that Appellant had not paid for the reporter=s record.  That same day, we
notified Appellant that unless he made arrangements to pay for the reporter=s record by June 5, the appeal would be submitted for consideration of
those issues that did not require a reporter=s record for decision.  On June
14, the court received a letter from Appellant essentially asking for an
extension of time to pay for the reporter=s record because he was unaware of his responsibility to pay for
it.  On June 20, we sent Appellant a
letter stating how and where to pay for the reporter=s record and setting a deadline of July 3 for so doing.  On July 11, the court reporter notified us
that Appellant still had not contacted the reporter or made arrangements to pay
for the reporter=s
record.  Accordingly, on July 12, we
ordered that we would only consider and decide those points that do not require
a reporter=s record for
review and ordered Appellant=s brief due on August 13.  See
Tex. R. App. P. 37.3(c)(2), 38.6.

On August 21, we notified
Appellant that we had not received his brief and stated that we would abate the
appeal and remand the case to the trial court for a hearing unless Appellant
filed, on or before August 31, a motion explaining his failure to file a brief
and the need for an extension.  See Tex. R. App. P. 10.5(b),
38.8(b)(2).  Appellant did not file such
motion, so on September 21, we abated the appeal and remanded the case to the
trial court for a hearing to determine, among other things, whether Appellant
desired to continue the appeal, why he had not filed a brief, and whether an
attorney should be appointed to represent him.

The trial court found that
Appellant is not indigent, and it appeared from the record of the abatement
hearing that Appellant had made no arrangements for filing a brief.  Therefore, on October 26, 2007, we ordered
the appeal submitted without briefs.  See
Tex. R. App. P. 38.8(b)(4).








Because Appellant failed to
file a brief, no issues or points are properly before this court.  See Tex.
R. App. P. 38.1(e).  We have
reviewed the record in the interest of justice. 
See Tex. R. App. P.
38.8(b)(4).  Our examination does not
reveal unassigned fundamental error.  See
Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).  Accordingly, we affirm the trial court=s judgment.

 

 

PER CURIAM

 

 

PANEL F:    GARDNER, WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 13, 2008

 











[1]See Tex. R. App. P. 47.4.