NUMBER 13-05-519-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


RANDALL BURTON, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the County Court at Law No. 2 


of Nueces County, Texas.


 


O P I N I O N



Before Justices Yañez, Rodriguez, and Vela


Opinion by Justice Yañez


 

 A jury found appellant, Randall Burton, guilty of possessing less than two ounces
of marijuana. (1) The jury assessed punishment at 60 days in jail and a $500 fine. We affirm.

 Appellant filed his notice of appeal on August 9, 2005. On February 6, 2006,
appellant filed a "Motion to Withdraw Counsel." On March 30, 2006, the trial court
conducted a hearing and determined that appellant had knowingly and intelligently waived
his right to appellate counsel. The trial court instructed appellant to submit a brief within
thirty days. Prior to the expiration of thirty days, appellant requested and received a 90-day
extension to file his brief, thus making the brief due on or before August 1, 2006. On
August 1, 2006, appellant requested and received a 30-day extension to file his brief. 
Thirty days later, appellant requested this Court to review his case without a brief,
contending that a back injury hindered his ability to construct a brief. We denied this
request on September 13, 2007. Appellant did not respond to this denial, and he has not
filed a brief.

 When an appellant has not filed a brief in a criminal case, the provisions in Texas
Rule of Appellate Procedure 38.8(b) require the appellate court to remand the case to the
trial court to conduct a hearing and to "make appropriate findings and recommendations." (2) 
"However, where an appellant chooses to appear pro se and has been warned of the
dangers of pro se representation on appeal, there is no need to remand for a . . . hearing." (3) 
Though rule 38.8(b)(4) states that an "appellate court may consider [an] appeal without
briefs, as justice may require," an appellate court's freedom of consideration is qualified
by article 44.33(b) of the code criminal procedure, which states:

 Appellant's failure to file his brief in the time prescribed shall not authorize a
dismissal of the appeal by the Court of Appeals or the Court of Criminal
Appeals, nor shall the Court of Appeals or the Court of Criminal Appeals, for
such reason, refuse to consider appellant's case on appeal. (4)


Traditionally, an appellate court's inherent power to dismiss a case is reserved for those
situations in which a party has engaged in serious misconduct such as bad-faith abuse of
the judicial process. (5)

 Appellant has not filed a brief on his behalf in this appeal. Beyond his failure to file
a brief, we cannot say that he has engaged in serious misconduct or committed a bad-faith
abuse of the judicial process. We therefore submitted his case without the benefit of briefs
and, in the interest of justice, reviewed the record.

 When an appellant fails to file a brief, an appellate court's review of the record is
limited to fundamental errors. (6) There are three categories of fundamental error: (1) errors
recognized by the legislature as fundamental; (2) the violation of rights which are waivable
only; and (3) the denial of absolute, systemic requirements. (7) In Saldano v. State, the court
of criminal appeals enumerated the following "fundamental errors": (1) denial of the right
to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before
trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of
subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with
the Separation of Powers Section of the state constitution; (7) jury charge errors resulting
in egregious harm; (8) holding trials at a location other than the county seat; (9)
prosecution under an ex post facto law; and (10) comments by a trial judge which taint the
presumption of innocence. (8)

 Our examination of the record does not reveal unassigned fundamental error. (9) 
Accordingly, we affirm the trial court's judgment.




 

 LINDA REYNA YAÑEZ,

 Justice




Publish. Tex. R. App. P. 47.2(b).


Opinion delivered and filed this 

the 29th day of May, 2008.

1. See Tex. Health & Safety Code Ann. § 481.112(a), (b)(1) (Vernon 2003).
2. Tex. R. App. P. 38.8(b)(3).
3. Lott v. State, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994) (discussing the predecessor to rule
38.8(b)).
4. Tex. Code Crim. Proc. Ann. art. 44.33(b) (Vernon 2006).
5. Chambers v. Nasco, Inc., 501 U.S. 35, 46-50 (1991); Kutch v. Del Mar College, 831 S.W.2d 506,
510-11 (Tex. App.-Corpus Christi 1992, no writ).
6. See Lott, 874 S.W.2d at 688.
7. See Saldano v. State, 70 S.W.3d 873, 887-88 (Tex. Crim. App. 2002).
8. See id. at 888-89.
9. See Lott, 874 S.W.2d at 688.