IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-76,525






TRAVIS JAMES MULLIS, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL

FROM CAUSE NO. 08-CR-0333 IN THE 122nd DISTRICT COURT

GALVESTON COUNTY





 Per Curiam.


O P I N I O N


 

 Appellant was convicted of the offense of capital murder for intentionally causing the
death of an individual under six years of age. See Tex. Penal Code §19.03(a)(8). Based
upon the jury's answers to the special issues set forth in Texas Code of Criminal
Procedure article 37.071 §§2(b) and 2(e), the trial judge sentenced appellant to death. 
Tex. Code Crim. Proc. art. 37.071 §2(g). (1) Direct appeal to this Court is automatic. Art.
37.071 §2(h). We will affirm.

 At a hearing before the trial court, appellant expressed his desire to dismiss his court-appointed appellate counsel, raise no points of error, and waive the instant and all future
appeals including any error. The trial court fully admonished appellant of the dangers and
disadvantages of self-representation. See U.S. Const. VI and XIV Amendments; Tex.
Const. Art. I, § 10; Faretta v. California, 422 U.S. 806 (1975); Lott v. State, 874 S.W.2d
687 (Tex. Crim. App. 1994). The transcript of the hearing was forwarded to this Court. No
briefs have been filed.

 We submitted the case upon appellant's request and, in the interest of justice, reviewed
the entire record. Having found no unassigned fundamental error, we affirm the trial court's
judgment.


DELIVERED: April 25, 2012

DO NOT PUBLISH 
1. Unless otherwise indicated, all future references to Articles refer to the Texas Code of
Criminal Procedure.