**Affirmed and Memorandum Opinion filed February 11, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00773-CR

---

## EX PARTE STEPHEN KYLE HELMCAMP

---

**On Appeal from the County Court**
**Colorado County, Texas**
**Trial Court Cause No. 21,179-A**

---

## M E M O R A N D U M   O P I N I O N

On January 5, 2012, this court affirmed appellant's conviction for misdemeanor driving while intoxicated. *Helmcamp v. State*, No. 14-10-01036-CR, 2012 WL 19656 (Tex. App.—Houston [14th Dist.] Jan. 5, 2012, no pet.). On October 1, 2012, appellant filed an application for post-conviction writ of habeas corpus alleging ineffective assistance of counsel. *See* Tex. Code Crim. Proc. art. 11.072.

In his application, appellant claimed his trial counsel rendered ineffective

assistance because counsel failed to (1) challenge the State's "normal use" theory of intoxication through use of the complete videotape of appellant's stop, arrest, and continued custody at the scene; (2) object to the prosecutor's improper jury arguments; (3) object to the Trooper's improper opinion testimony; (4) call appellant's parents as witnesses to establish time evidence relevant to the admissibility of the Intoxilyzer breath test result; (5) obtain an expert witness to evaluate the validity of the breath test evidence; and (6) call appellant in his own defense.

On January 4, 2013, the trial court denied appellant's application and entered the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. Applicant filed his first application for writ of habeas corpus on October 1, 2012. In his application Applicant alleges that: Mr. Helmcamp was deprived of his right to effective assistance of counsel at trial, in violation of Amendment VI and Amendment XIV, U.S. Constitution, and Article I §10, Texas Constitution by:

(1) Trial counsel's failure to challenge the state's "normal use" intoxication theory including (a) failure to use the arresting officer's complete in-car video in front of the jury; (b) failure to object to the prosecutor's improper jury arguments; (c) failure to object to the arresting officer's improper opinion that Applicant was legally intoxicated; and (2) Trial counsel's failure to address the state's "alcohol concentration" evidence including (a) failure to call Applicant's mother and step-father as witnesses and failure to offer their telephone records which would have established crucial time evidence; (b) failure to obtain an expert witness to evaluate the validity of the breath test; (c) failure to investigate, offer available evidence and seek the services of an expert in the Texas Breath Alcohol Testing Program. [Application at 11, 13, 28, 31, 35, 36, 40, and 42]

2. The jury had the complete original in-car video tape to view if it believed the video would aid its decision making process.

3. The prosecutor's jury argument was a summation of the evidence at

trial and/or a reasonable deduction from the evidence.

4. Trooper Clark's opinion that Applicant was legally intoxicated was merely his opinion and did not link the results of Applicant's standardized field sobriety tests to a precise Breath Alcohol Concentration.

5. Time evidence in Applicant's mother and step-father's cell phone records merely established the time when calls were made according to the cell phones' internal clocks. Without evidence of the cell phones being matched or synchronized with the clocks in Trooper Clark's video camera and the Intoxilyzer 5000 the cell phone records do not undermine the Trooper's testimony that he remained in the presence of the Applicant at least 15 minutes before the breath test.

6. The Applicant's writ application docs not cast any doubt upon the validity of the breath test in this case, nor does it refute the evidence at trial.

7. Not having Applicant testify at trial was a reasonable trial strategy.

## CONCLUSIONS OF LAW

1. There are no material, previously unresolved issues of fact which are material to the legality of Applicant's conviction and sentence and there being ample evidence in the record for the court to rule on the relief sought, an evidentiary hearing is not required.

2. In this proceeding for habeas corpus relief, the Applicant has not met his burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Ex parte Salinas*, 660 S.W.2d 97 (Tex. Crim. App. 1983).

3. Applicant has not shown that counsel's performance fell below an objective standard of reasonableness, that deficient performance prejudiced Applicant, or that but for counsel's unprofessional errors, a reasonable probability exists that the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Appellant appealed the denial of his application for writ of habeas corpus, and was represented by retained counsel on appeal, Nancy B. Barohn. On October 8, 2013, counsel filed a motion to withdraw as appellate counsel because it

appeared to counsel that appellant had abandoned his appeal. On October 10, 2013, this court ordered a hearing to determine whether appellant desired to prosecute his appeal. On October 31, 2013, the trial court conducted the hearing. The record of the hearing was filed in this court on November 6, 2013.

Appellant's retained counsel and the State's counsel appeared at the hearing, but appellant did not. Appellant's counsel sent notice of this court's order to appellant through certified mail. At the hearing, counsel produced the return receipt reflecting that appellant received counsel's notice. The trial court recited into the record that it prepared a notice of hearing and summons and requested that the clerk issue both to appellant, certified mail, return receipt requested. The return notice was signed by appellant's agent. The trial court instructed appellant's counsel to phone appellant and ask whether he wanted to pursue his appeal. After a brief recess, appellant's counsel reported that she spoke with appellant by telephone and that appellant wished to pursue his appeal. Counsel further represented that appellant "was in agreement" with counsel's motion to withdraw as appellate counsel.

The trial court granted counsel's motion to withdraw and instructed her to inform appellant in writing "all necessary information regarding timelines and, in your opinion, what he needs to do to go forward[.]" The trial court declined to appoint substitute counsel because it was unaware of any allegation that appellant is indigent.

It is a well established principle of federal and state law that no constitutional right to counsel exists on a writ of habeas corpus. *Ex parte Graves*, 70 S.W.3d 103, 110 (Tex. Crim. App. 2002). On January 7, 2014, this court ordered appellant to file either a pro se brief, or obtain counsel to file a brief on or before January 28, 2014. *See* Tex. R. App. P. 31.1. Appellant has failed to file a

response to the court's order.

On the basis of the trial court's findings, this court has considered the appeal without briefs. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished). We find no fundamental error.

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM


Panel consists of Justices Boyce, Christopher, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).