# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00747-CR

**Ryan Christopher Wickerham, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF WILLIAMSON COUNTY
NO. 12-02207-1, THE HONORABLE WILFORD FLOWERS, JUDGE PRESIDING**

## O R D E R

**PER CURIAM**

Appellant appeals, pro se, his conviction for family-violence assault.[1] *See* Tex. Penal Code § 22.01(a)(1); Tex. Code Crim. Proc. art. 42.013. Appellant's brief was due on June 18, 2014. By letter dated July 1, 2014, this Court's clerk sent notice to appellant informing him that the brief was overdue, and asking for a response on or before July 18, 2014. Appellant has not filed a brief or otherwise responded to this Court's notice.

---

[1] Appellant chose to represent himself at trial and continues to do so on appeal, despite repeated admonishments from the trial court prior to trial and prior to this appeal of the dangers and disadvantages of self-representation. *See* U.S. Const. amends. VI, XIV; Tex. Const. art. I, § 10; *Faretta v. California*, 422 U.S. 806 (1975).

We hereby order appellant to tender a brief in this cause no later than September 4, 2014.**²** The failure to file the brief by that date will result in submission of the case and consideration of the appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4) (under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require."); *see also Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file pro se brief after being properly admonished).

It is so ordered on this the 5th day of August, 2014.

Before Chief Justice Jones, Justices Rose and Goodwin

Do Not Publish

---

**²** The record reflects that the trial court has already determined that appellant is indigent, is aware of his right to appointed counsel, and has declined the appointment of counsel for this appeal. We need not remand for further hearings on these matters because the trial court has fully admonished appellant of the dangers and disadvantages of self-representation. *See Lott v. State*, 874 S.W.2d 687, 688 n.2 (Tex. Crim. App. 1994) ("[W]here an appellant chooses to appear pro se and has been warned of the dangers of pro se representation on appeal, there is no need to remand for a [38.8(b)] hearing.").