**Opinion issued January 13, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00393-CR

———————————

**FRANCISCO AYALA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 9**
**Harris County, Texas**
**Trial Court Case No. 1820869**

---

## MEMORANDUM OPINION

A jury found appellant, Franciso Ayala, guilty of the offense of cruelty to animals[1] and assessed his punishment at confinement for 190 days. Appellant's

---

[1] *See* TEX. PENAL CODE ANN. § 42.092 (Vernon 2011).

retained trial counsel filed a notice of appeal on his behalf. After the clerk's record was filed, this Court notified appellant that the trial court reporter had informed the Court that appellant had not paid, or made arrangements to pay, for the reporter's record and unless appellant caused the reporter's record to be filed, or provided proof that he was entitled to proceed without payment of costs, the Court would consider the appeal without a reporter's record. *See* TEX. R. APP. P. 37.3(c).

After appellant did not respond, the Court ordered that the appeal would be submitted for a decision without a reporter's record and appellant to file a brief no later than January 2, 2014. *See* TEX. R. APP. P. 38.6(a), 37.3(c). On February 11, 2014, the Court notified appellant that a brief had not been filed and, unless he filed a brief within ten days, a hearing would be required. *See* TEX. R. APP. P. 38.8(b)(2), (3).

On May 20, 2014, no brief having been filed, the Court abated the appeal and remanded the case to the trial court for a determination of whether appellant desired to prosecute his appeal, whether retained counsel had abandoned the appeal, and, if so, whether appellant was indigent and should have counsel appointed. *See id.* A supplemental record was then filed, showing that, after a hearing, at which appellant's retained counsel appeared, the trial court found that appellant has served his sentence in the underlying case, has been released from

2

custody, and his whereabouts are unknown. The trial court concluded that appellant has abandoned this appeal.

An appellant's failure to timely file a brief does not authorize dismissal of the appeal. *See* TEX. R. APP. P. 38.8(b)(1). Rather, when, as here, a trial court has found that an appellant no longer desires to prosecute his appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require. *See* TEX. R. APP. P. 38.8(b)(4).

When we determine an appeal in a criminal case without the benefit of an appellant's brief, our review of the record is limited to fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *see also Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002). Here, our examination of the trial court record reveals no fundamental error.

Accordingly, we affirm the judgment of the trial court.


Terry Jennings
Justice

Panel consists of Justices Jennings, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).