**Order filed January 5, 2017**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-16-00683-CR
_____

## CHRISTOPHER MICHAEL DUPUY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 13CR1365**

## ORDER

Appellant is not represented by counsel. The record has been filed, but no brief has been filed. On November 17, 2016, we issued an order abating this appeal and directing the trial court to conduct a hearing to determine if appellant desires to continue to prosecute to appeal and, if so, whether he is indigent and therefore entitled to a free record and appointed counsel on appeal. The order stated that appellant was to attend the hearing.

The trial court held a hearing on December 12, 2016. Appellant did not attend the hearing. The trial court found that notices of the hearing were sent by certified mail to appellant at his two last known addresses. The trial court found it could not determine if appellant is indigent or intends to prosecute the appeal.

Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule was designed to protect an indigent appellant from the failure of his appointed counsel to provide a brief. The rule further provides that under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule 38.8. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law which requires this court to once again send this matter back to the trial court, we decline to do so.

Therefore, we **ORDER** appellant to file a brief in this appeal on or before **February 6, 2017**. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished).

PER CURIAM