

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00496-CR

Tracy Diane **GRIER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court No. B12462
Honorable N. Keith Williams, Judge Presiding

Opinion by:      Karen Angelini, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Karen Angelini, Justice
                 Irene Rios, Justice

Delivered and Filed:  June 13, 2018

AFFIRMED

On November 8, 2013, Tracy Diane Grier pled guilty to the offense of forgery of a financial instrument and was placed on deferred adjudication community supervision for five years. On February 16, 2017, the State filed a motion to adjudicate, alleging Grier had violated one or more of the conditions of community supervision. The trial court held a hearing on the motion to adjudicate and Grier entered a plea of "not true" to the allegations in the motion. After considering the evidence presented, the trial court found that Grier had violated some conditions of community supervision and adjudicated her guilty of the offense of forgery of a financial instrument. The trial

court assessed punishment at twenty-two months in the state jail division of the Texas Department of Criminal Justice. Grier filed a timely notice of appeal.

Grier was initially represented on appeal by court-appointed counsel. However, the trial court determined that Grier was not indigent and discharged her court-appointed counsel. Grier then represented herself in this appeal.

On January 29, 2018, Grier filed a pro se brief. On February 5, 2018, we issued an order notifying Grier that her brief flagrantly violated rule 38.1 of the Texas Rules of Appellate Procedure. We struck Grier's brief and ordered her to file, within twenty-one days of the date of our order, either an amended brief correcting all of the briefing violations specified in our order or a motion to dismiss this appeal. We warned Grier that if she did not file an amended brief or a motion to dismiss as ordered, we would submit this appeal on the record alone without briefs and would review the record solely for fundamental error. Grier did not file an amended brief or a motion to dismiss. On March 8, 2018, we issued an order setting this appeal at issue on the record alone.

Under the circumstances presented, we must consider this appeal on the record alone without the benefit of briefs. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone when non-indigent appellant failed to file a pro se brief). The record in this appeal consists of only a clerk's record. We have reviewed the record for fundamental error and found none. We, therefore, affirm the trial court's judgment. *See id*.

Karen Angelini, Justice

Do not publish