**Order filed July 19, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00806-CR
_____

**JARVIS L. BARBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 2008621

## ABATEMENT ORDER

Appellant is represented by retained counsel, Frederick Wilson. After Wilson did not file a brief for appellant, we abated this appeal and directed the trial court held a hearing pursuant to Texas Rule of Appellate Procedure 38.8(b). The trial court held the hearing on January 5, 2017, and found: (1) appellant desired to continue to prosecute his appeal; (2) appellant had not abandoned his appeal; and (3) appellant was not indigent.

Because Wilson still had not filed a brief, the trial court held a second hearing on June 5, 2018, and made the same findings. Wilson stated he would file the brief by July 6, 2018. We reinstated the case and gave him until July 13, 2018, to file the brief. Neither the brief nor a motion for extension of time to file the brief has been filed.

Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule was designed to protect an indigent appellant from the failure of his appointed counsel to provide a brief. The rule further provides that under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

Though Rule 38.8 appears to require only one hearing, two hearings have been held on our order, and the trial court has made the findings required under Rule 38.8. We can find nothing in the rules or case law which requires this court to once again send this matter back to the trial court, and we decline to do so.

Therefore, we **ORDER** that appellant's brief be filed by **<u>August 3, 2018</u>**. **No further extensions will be granted absent extraordinary circumstances.**

If the brief is not filed as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished).


PER CURIAM

2

# RULE 38. REQUISITES OF BRIEFS

## Tex. R. App. P. 38.8. Failure of Appellant to File Brief.

(b) *Criminal Cases*.

(1) Effect.   An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.   If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.   In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.   Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.