**Order filed August 23, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-00077-CR
_____

### QASIM SAJIDIN GARDEZI, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1574447**

## ORDER

When appellant's retained counsel filed a motion in this court to withdraw, we abated the appeal and directed the trial court to conduct a hearing to determine if appellant desires to continue to prosecute to appeal and, if so, whether he is indigent and therefore entitled to a free record and appointed counsel on appeal. Tex. R. App. P. 38.8.

The trial court conducted that hearing on June 19, 2018. Appellant stated he

did not wish to have appellate counsel appointed for him. He stated he would hire his own attorney or represent himself. The trial court found appellant is not indigent.

We reinstated the appeal on June 29, 2018, and set appellant's brief due July 30, 2018. No brief was filed. On July 31, 2018, we notified appellant that if he did not, within ten days, file a motion for extension of time to file the brief, we would take appropriate action. Tex. R. App. P. 38.8(b)(2).

Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8. The rule was designed to protect an indigent appellant from the failure of his appointed counsel to provide a brief. The rule further provides that under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8 (b)(4).

A hearing has already been held as required under Rule 38.8. Because the trial court has already held one hearing to make the findings required under Rule 38.8, and we can find nothing in the rules or case law which requires this court to once again send this matter back to the trial court, we decline to do so.

Therefore, we **ORDER** appellant to file a brief in this appeal by **<u>September 24, 2018</u>**. If appellant fails to file his brief as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished).

PER CURIAM