**Order filed September 13, 2018**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00806-CR
_____

**JARVIS L. BARBER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Cause No. 2008621**

---

### ORDER

Appellant is represented by retained counsel, Frederick Wilson. No brief has been filed. The trial court has already held two hearings pursuant to Texas Rule of Appellate Procedure 38.8 and determined that (1) appellant desires to continue to prosecute his appeal; (2) appellant has not abandoned his appeal; and (3) appellant is not indigent.

On July 19, 2018, we ordered that appellant's brief be filed by August, 3, 2018, and noted no further extensions would be granted absent extraordinary

circumstances. We granted an extension until September 10, 2018. The brief has not been filed.

We **ORDER** that appellant's brief be filed by **September 28, 2018**. **NO FURTHER EXTENSIONS WILL BE GRANTED.**

If the brief is not filed as ordered, we will decide this appeal upon the record before the court. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone where appellant failed to file a pro se brief after being properly admonished).


PER CURIAM

# RULE 38.  REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.