# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00296-CR

**Juan Francisco Zamarron, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY**
**NO. C-1-CR-15-206344**
**THE HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

On June 18, 2017, Juan Francisco Zamarron pleaded nolo contendere to the misdemeanor offense of driving while intoxicated. *See* Tex. Penal Code § 49.04. The trial court found Zamarron guilty of the offense and assessed punishment at 180 days' imprisonment in the county jail and a $2,000 fine, but suspended imposition of the sentence and placed Zamarron on community supervision for fifteen months. Zamarron timely filed his notice of appeal. *See* Tex. R. App. P. 26.2.

On May 8, 2018, after the court reporter informed this Court that she had not received a request for the record in this case, we sent a letter to Zamarron asking that he provide written verification that arrangements for the reporter's record had been made. In the letter, we also notified Zamarron that if we did not receive the requested verification within the time specified, we would "consider the appeal without the reporter's record" and Zamarron would "be expected to file a brief on or before June 7, 2018." On July 10, after Zamarron failed to file an

appellant's brief, we sent a letter to Zamarron notifying him that his brief was overdue and that if we did not receive a response to the notice, a hearing before the trial court would be ordered. Neither Zamarron nor his attorney responded to our request regarding the reporter's record or to our notice regarding appellant's brief. Consequently, we abated the appeal and asked that the trial court conduct a hearing to determine whether Zamarron desires to prosecute his appeal, whether he is indigent and, if so, whether new counsel should be appointed to represent him in this appeal. *See id.* R. 38.8(b)(2), (3).

On October 3, 2018, the trial court held the requested hearing, and a supplemental clerk's record from the hearing was filed on January 4, 2019. According to the "findings of the court," Zamarron appeared at the hearing and informed the trial court that "it was his desire to abandon his appeal and no longer proceed." Following reinstatement of the appeal, this Court sent a letter to Zamarron requesting that he file (1) a motion requesting that his appeal be dismissed, (2) a motion challenging the trial court's finding that Zamarron had abandoned his appeal, or (3) an appellant's brief. To date, no motion or appellant's brief has been filed. In addition, neither Zamarron nor his attorney have responded to our notices or filed any document challenging the trial court's finding of abandonment.

Under these circumstances, we may consider the appeal without briefs pursuant to rule 38.8(b)(4). *See id.* R. 38.8(b)(4) (providing that when no appellant's brief is filed and trial court determines that appellant no longer wishes to prosecute his appeal, "appellate court may consider the appeal without briefs, as justice may require"). Having reviewed the clerk's record in the interest of justice, we find no reversible error. *See id.* R. 37.3, 38.8(b)(4); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *Castilleja v. State*, No. 03-17-00498-CR, 2018 WL 3677862, at *2 (Tex. App.—Austin Aug. 3, 2018, no pet.) (mem. op., not designated

for publication) (considering appeal under rule 38.8(b)(4) on clerk's record alone). The trial court's judgment of community supervision is affirmed.

_____

Chari L. Kelly, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Do Not Publish

Filed: July 25, 2019