

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00054-CR

_____

MICHAEL GENE WILLIAMS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 58,539-C

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Opinion by Justice Walker

## OPINION

Michael Gene Williams appeals from a judgment adjudicating him guilty of forgery and sentencing him to five years' confinement. *See* Tex. Penal Code Ann. § 32.21. We affirm.

## I. BACKGROUND

In 2018, Williams pleaded guilty to forgery in exchange for four years' deferred adjudication community supervision. In August 2020, the State filed a motion to adjudicate Williams guilty, alleging that he had committed the new offense of burglary, had failed to report to his probation officer in April 2020, and had failed to pay his probation fee for one month. Although the trial court initially appointed counsel for Williams, Williams eventually retained his own counsel.

By agreement of Williams[1] and the State, the trial court conducted the adjudication proceeding via Zoom. Williams pleaded "not true" to each allegation. The State presented evidence that Williams had, after an argument earlier in the day, broken into his girlfriend's home through a window and assaulted her. Later that night, he kicked in the door to her house and assaulted her friend. The State also presented evidence that Williams had failed to report to his probation officer in April 2020, that he had not paid a $60 probation fee, and that he had the capability to pay that fee.

---

[1]Williams signed a waiver of his right to appeal any complaint about the proceedings' being conducted remotely.

The trial court found the allegations in the State's petition true and adjudicated Williams guilty. Williams appealed the trial court's judgment. After abating the appeal once[2] and then sending two late-brief notices to appellant's retained counsel—the most recent of which warned that we could submit the appeal without briefs unless counsel timely responded by filing a brief and motion explaining the delay—we submitted the appeal without briefs.[3] *See* Tex. R. App. P. 38.8(b)(4).

## II. DISPOSITION

When an appellant fails to file a brief and we consider the case without briefs, we review the entire appellate record to determine if fundamental error exists. *See id.*; *Savage v. State*, No. 02-21-00064-CR, 2022 WL 557488, at *3 (Tex. App.—Fort Worth Feb. 24, 2022, no pet.) (mem. op., not designated for publication) (citing *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994)); *Hall v. State*, No. 02-12-00233-CR, 2013 WL 5175571, at *2 (Tex. App.—Fort Worth Sept. 12, 2013, pet. ref'd) (mem. op., not

---

[2]At the abatement hearing, the trial court determined that Williams desired to prosecute his appeal and that he is not indigent. *See* Tex. R. App. P. 38.8(b)(2), (3). Williams has not challenged these rulings.

[3]Pursuant to Rule 38.8(b)(4), this court is authorized to take appropriate action to ensure that appellant's rights are protected, including the initiation of contempt proceedings against appellant's counsel. Tex. R. App. P. 38.8(b)(4); *see Avila-Trujillo v. State*, No. 03-19-00017-CR, 2019 WL 5539616, at *1 (Tex. App.—Austin Oct. 25, 2019, order) (per curiam) (not designated for publication) (setting deadline for appellant's counsel to file brief and cautioning that if he failed to do so, he could be required to show cause why he should not be held in contempt of court). Although we did not initiate contempt proceedings under the specific facts presented here, counsel should not construe our decision to forgo doing so as acquiescence with, or approval of, his failure to file a brief or respond to this court's correspondence.

designated for publication) (citing *Lott* and also citing decisions from other courts of appeals using same procedure). We have reviewed the appellate record and have not discerned any unassigned fundamental error. *See Savage*, 2022 WL 557488, at *3 (listing types of fundamental error for which we review appellate record under Tex. R. App. P. 38.8(b)(4)); *McAlister v. State*, No. 02-18-00121-CR, 2019 WL 165997, at *1 (Tex. App.—Fort Worth Jan. 10, 2019, no pet.) (mem. op., not designated for publication) (employing same procedure). We therefore affirm the trial court's judgment. *See McAlister*, 2019 WL 165997, at *1; *see also Lott*, 874 S.W.2d at 688 (employing same procedure prior to implementation of current Texas Rules of Appellate Procedure).

/s/ Brian Walker

Brian Walker
Justice

Publish

Delivered: August 18, 2022

4