

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00060-CR

MELINDA BARRIE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court
Hutchinson County, Texas
Trial Court No. 38,341, Honorable Faye Blanks, Presiding

August 22, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Melinda Barrie, was convicted of hindering apprehension or prosecution on December 12, 2012.[1]  As punishment, she was ordered to pay a fine of $500.  The trial court also ordered that she pay court costs in the amount of $907.

On January 3, 2013, appellant filed her notice of appeal from her conviction.  On March 1, 2013, the clerk's record was filed, followed by the reporter's record on March 21.  Her brief was originally due on April 22, 2013.  When no brief was filed, this Court

---

[1] See TEX. PENAL CODE ANN. § 38.05 (West 2011).

sent a notice on April 29, 2013, ordering the brief due no later than May 9 and warning appellant that a failure to file a brief may result in the case being abated and remanded to the trial court without further notice.  See TEX. R. APP. P. 38.8(b)(2).

When, still, no brief was received, we abated the cause to the trial court for the purpose of conducting a hearing to determine whether appellant wished to continue her appeal or whether she had abandoned her appeal.  See id.  The trial court conducted the hearing on June 26, 2013.  Supplemental clerk's and reporter's records were filed after the hearing, and the cause was reinstated in this Court on July 12, 2013.

At the hearing, appellant's trial counsel explained that, despite four to five months of efforts to contact appellant, he had not been successful in locating or contacting her and explained that he was unable to "represent her effectively without her present and at least communicating with [him] concerning the appeal."  The trial court recited its efforts to notify her of the hearing and explained that it, too, had been unsuccessful in locating or confirming contact with her.  At the end of the hearing, the trial court found that appellant had been notified of the hearing, did not appear, and has had no contact with counsel.

On July 11, 2013, the trial court entered it findings and recommendations consistent with its pronouncements.  See TEX. R. APP. P. 38.8(b)(3).  The trial court found that both counsel and court staff had attempted to contact appellant and that mail sent to her last known address had been returned with the notation that no forwarding address was left.  Based on appellant's failure to appear and to otherwise communicate with or respond to counsel, the trial court found "that Appellant does not desire to

2

prosecute the appeal in this case and has effectively abandoned her appeal in this case."

We adopt the trial court's findings that appellant has abandoned her appeal and no longer wishes to prosecute it. Accordingly, we have therefore submitted the cause to our consideration without briefs. See TEX. R. APP. P. 38.8(b)(4) (permitting appellate court in such a situation to "consider the appeal without briefs, as justice may require"). We have reviewed the record before us for fundamental error and have found none that would require reversal. See Lott v. State, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994).

We have noted, however, that included in the court costs assessed against appellant is a charge of $600 for court-appointed attorney's fees despite the fact that the record does not contain a determination by the trial court of appellant's ability to pay attorney's fees. See TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2012). In the absence of evidence in the record that appellant has the ability to pay court-appointed attorney's fees, assessment of such fees against her was error. See Mayer v. State, 309 S.W.3d 552, 556–57 (Tex. Crim. App. 2010). We modify the judgment to delete the assessment of appointed attorney's fees in the amount of $600.

Having found no other error, we affirm the trial court's judgment as modified. See TEX. R. APP. P. 43.2(b).

Mackey K. Hancock
Justice

Do not publish.

3