

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-13-00895-CR

Gary **PETERSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court, Wilson County, Texas
Trial Court No. 11-10-0393-CRC
Honorable Marvin Quinney, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
               Sandee Bryan Marion, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  July 23, 2014

AFFIRMED

      Gary Peterson was convicted of the offense of misdemeanor driving while intoxicated and sentenced to twelve months of community supervision. Peterson appealed.

      Peterson's brief was originally due on March 24, 2014. When no brief was filed, the clerk of this court notified Peterson's counsel of the deficiency. Peterson's counsel is retained. When Peterson's counsel failed to respond to the clerk's notice, we abated the appeal and remanded the case to the trial court for a hearing. The trial court held a hearing. Peterson's counsel appeared at the hearing and represented that Peterson was not indigent and that Peterson no longer desired to

pursue the appeal. After the hearing, the trial court filed written findings indicating that Peterson is not indigent and that Peterson no longer desires to pursue the appeal.

In a criminal case, we may not dismiss or consider an appeal without briefs unless it is shown that the appellant no longer desires to prosecute his appeal, or that he is not indigent and has failed to make the necessary arrangements for filing a brief. TEX. R. APP. P. 38.8(b)(4). However, when the trial court finds that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, we may consider the appeal without briefs, as justice may require. *Id.*; *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (affirming conviction on record alone when an appellant failed to file a pro se brief after being properly admonished).

We have reviewed the record in this appeal for fundamental error and have found none. *See Jaimes v. State*, No. 04-04-00525-CR, 2005 WL 50115, at *1 (Tex. App.—San Antonio 2005, no pet.) (not designated for publication) (reviewing record for fundamental error after the trial court held a hearing and found the appellant no longer desired to pursue the appeal); *McMahon v. State*, No. 04-01-00442-CR, 2002 WL 1285137, at *1 (Tex. App.—San Antonio 2002, no pet.) (not designated for publication) (reviewing record for fundamental error after the trial court held a hearing and made appropriate findings). The trial court's judgment is therefore affirmed.

PER CURIAM

DO NOT PUBLISH