

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00465-CR

HELMO GONZALEZ                                    APPELLANT

V.

THE STATE OF TEXAS                                      STATE

----------

## FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
## TRIAL COURT NO. CR-2013-04645-B

----------

## MEMORANDUM OPINION[1]

----------

Appellant Helmo Gonzalez was charged with Class A misdemeanor driving while intoxicated (DWI), enhanced by a January 21, 2004 DWI conviction. *See* Tex. Penal Code Ann. §§ 49.04(a), .09(a) (West Supp. 2014). He was released on bond while awaiting trial, and he retained counsel.

---
[1]*See* Tex. R. App. P. 47.4.

On November 18, 2014, Gonzalez pleaded "not guilty" to the charge and "true" to the enhancement. A jury convicted him of the offense and assessed his punishment at 365 days in jail and a $2,000 fine. *See id.* § 12.21 (West 2011) (stating that an individual adjudged guilty of a Class A misdemeanor shall be punished by a fine not to exceed $4,000, confinement in jail for a term not to exceed one year, or both). The trial court entered judgment on the jury's verdict, ordered Gonzalez to immediately surrender his driver's license, and suspended the license for 730 days. Gonzalez filed a notice of appeal, and the trial court set his appeal bond.

The court reporter notified this court that Gonzalez had not submitted a request for preparation or a written designation for the record and had not paid or made arrangements to pay for the record. On February 10, 2015, we informed Gonzalez that unless he made payment arrangements and designation of the record to the court reporter and provided proof of payment and designation to this court by February 25, 2015, we could consider and decide the issues and points that did not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c).

On April 7, 2015, we notified Gonzalez that his brief had not been filed and that the case would be abated and remanded to the trial court for a hearing unless, on or before April 17, 2015, he filed with this court a motion reasonably explaining the failure to file the brief and the need for an extension. *See* Tex. R. App. P. 10.5(b), 38.8(b)(2).

On June 18, 2015, this court abated the appeal to the trial court to determine whether Gonzalez still wanted to appeal; to determine why retained counsel had not filed a brief and whether counsel had abandoned the appeal; if retained counsel had not abandoned the appeal, to determine the exact date that the brief would be filed in the court of appeals; if retained counsel had abandoned the appeal, to determine whether Gonzalez was indigent and whether counsel should be appointed for him; to admonish Gonzalez with the dangers and disadvantages of self-representation if he desired to proceed pro se and determine whether his decision was competently and intelligently made; and to take any other measures necessary to insure that Gonzalez did not forfeit his right to appeal.

On July 1, 2015, the trial court held the abatement hearing. Gonzalez's retained counsel appeared, but Gonzalez did not. Gonzalez's counsel informed the trial court that he had spoken with Gonzalez and that Gonzalez's desire was to abandon the appeal. Specifically, Gonzalez wanted to abandon the appeal because the federal court had informed him on June 30 that he had a sixty-day window in which to voluntarily depart from the United States instead of being deported,[2] because he had not paid for the record and did not have the ability to

---

[2]The trial court, Gonzalez's counsel, and the prosecutor discussed the difficulty of attempting to procure Gonzalez's presence because he did not have a valid driver's license and they did not know where he was. Gonzalez's counsel said that two weeks before the abatement hearing, Gonzalez had been convicted of a state-jail felony in the 362nd District Court of Denton County and had been

3

pay for it, and because he planned to voluntarily depart pursuant to the federal court's order. Gonzalez's counsel said that Gonzalez had been "very well aware of" the hearing and that "he has made it explicitly clear that he was not appearing." His counsel also stated that the bail bondsman listed on Gonzalez's bond had gone out of business. The trial court determined that Gonzalez and his counsel wished to abandon the appeal and forwarded that finding to this court to determine what to do with the appeal.

On July 22, 2015, this court ordered that, upon review of the abatement hearing record, the appeal should be considered without briefs. *See* Tex. R. App. P. 38.8(b)(4).

When an appellant fails to file a brief, no issues or points are properly before the court, *see* Tex. R. App. P. 38.1(f), and appellate review is limited to unassigned fundamental errors.[3] *See Baker v. State*, No. 02-14-00157-CR, 2015

---

placed on community supervision. His counsel added that felony conviction to the reasons why Gonzalez wanted to abandon the appeal.

[3]The court of criminal appeals has enumerated the following fundamental errors: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the state constitution; (7) jury-charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge that taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887–89 (Tex. Crim. App. 2002). Here, Gonzalez retained trial counsel and received a jury trial, the county criminal court had jurisdiction over him, *see* Tex. Code Crim. Proc. Ann. arts. 4.01(8), 4.07 (West 2015), and nothing in pertinent penal code provisions suggests a separation-of-powers or ex-post-facto violation. The jury

4

WL 392640, at *2 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (mem. op. on reh'g, not designated for publication). We have reviewed the record in the interest of justice, *see* Tex. R. App. P. 38.8(b)(4), and found no unassigned fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). Therefore, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2015

---

charge does not reflect any errors that might give rise to egregious harm (and Gonzalez did not make arrangements to pay for a reporter's record that might otherwise demonstrate such harm), and the case was tried in Denton, the county seat of Denton County.