

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00150-CR

JUSTIN LOUIS NICHOLS                                    APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
TRIAL COURT NO. 1405611

----------

### MEMORANDUM OPINION[1]

----------

In March 2015, Appellant Justin Louis Nichols was charged with Class B misdemeanor driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04(a)–(b) (West Supp. 2016). He was released on bond while awaiting trial, and he retained counsel.

---

[1]*See* Tex. R. App. P. 47.4.

Nichols pleaded "not guilty" to the charge. A jury convicted him of the offense, and on April 5, 2016, the trial court assessed his punishment at 120 days' confinement and a $600 fine and then suspended the imposition of the sentence and placed Nichols on 20 months of community supervision. *See id.* § 12.22 (West 2011) (stating that an individual adjudged guilty of a Class B misdemeanor shall be punished by a fine not to exceed $2,000, confinement in jail for a term not to exceed 180 days, or both). Nichols filed a notice of appeal, and the trial court set his appeal bond.

We abated the appeal on September 9, 2016, for the trial court to determine whether Nichols desired to prosecute the appeal and whether Nichols was indigent, to admonish Nichols about the dangers and disadvantages of self-representation, and to take any other measures it deemed necessary to ensure that Nichols did not forfeit his right to appeal. At the September 16, 2016 abatement hearing, the trial court determined that Nichols was not indigent, and it recommended granting Nichols's retained counsel permission to withdraw. The trial court informed Nichols that he would need to pay the court reporter for the reporter's record.

In October 2016, we granted retained counsel's motion to withdraw.

On January 24, 2017, we informed Nichols that his brief was due on February 23, 2017. On April 17, 2017, over a year after the trial court assessed Nichols's sentence, we informed Nichols that unless he filed a motion reasonably explaining the failure to file a brief and the need for an extension by April 27,

2

2017, the court could consider the appeal without briefs. *See* Tex. R. App. P. 10.5(b), 38.8(b)(2).

On May 15, 2017, we abated the appeal for a second time, for the trial court to determine whether Nichols still wanted to appeal; to determine whether Nichols was indigent and whether counsel should be appointed for him; to admonish Nichols about the dangers and disadvantages of self-representation if he desired to proceed pro se and determine whether his decision was competently and intelligently made; and to take any other measures necessary to insure that Nichols did not forfeit his right to appeal. At the May 24, 2017 abatement hearing, the trial court once more found that Nichols was not indigent and that he wanted to proceed with the appeal. The trial court warned Nichols of the dangers of self-representation, and Nichols indicated that he might consult an attorney about the appeal.

After the supplemental reporter's record of the second abatement hearing was filed, we informed Nichols that his appellate brief would be due July 10, 2017. On July 26, 2017, we again informed Nichols that because his brief had not been filed, we would consider the appeal without briefs unless he filed a motion reasonably explaining his failure to file the brief and the need for an extension by August 7, 2017. *See* Tex. R. App. P. 10.5(b), 38.8(b)(2).

Despite ample opportunity to do so, no appellant's brief has been filed. Accordingly, we will consider the appeal without briefs. *See* Tex. R. App. P. 38.8(b)(4).

When an appellant fails to file a brief, no issues or points are properly before the court, *see* Tex. R. App. P. 38.1(f), and appellate review is limited to unassigned fundamental errors.[2] *See Baker v. State*, No. 02-14-00157-CR, 2015 WL 392640, at *2 (Tex. App.—Fort Worth Jan. 29, 2015, no pet.) (mem. op. on reh'g, not designated for publication). We have reviewed the record in the interest of justice, *see* Tex. R. App. P. 38.8(b)(4), and found no unassigned fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App.

---

[2]The court of criminal appeals has enumerated the following fundamental errors: (1) denial of the right to counsel; (2) denial of the right to a jury trial; (3) denial of ten days' preparation before trial for appointed counsel; (4) absence of jurisdiction over the defendant; (5) absence of subject matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers section of the state constitution; (7) jury-charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial judge that taint the presumption of innocence. *Saldano v. State*, 70 S.W.3d 873, 887–89 (Tex. Crim. App. 2002).

Here, Nichols retained trial counsel and received a jury trial, the county criminal court had jurisdiction over him, *see* Tex. Code Crim. Proc. Ann. arts. 4.01(8), 4.07 (West 2015), and nothing in the pertinent penal code provisions suggests a separation of powers or ex post facto violation. The jury charge does not reflect any errors that might give rise to egregious harm, the case was tried in Fort Worth, the county seat of Tarrant County, and the trial judge made no comments that might taint the presumption of innocence.

1994).  Therefore, we affirm the trial court's judgment.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  November 2, 2017