**Opinion issued December 7, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00817-CR

———————————

**WILLIAM EDWARD SIMMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Case No. 2058196**

---

## MEMORANDUM OPINION

A jury found appellant, William Edward Simmons, guilty of misdemeanor

driving while intoxicated, second offense.[1]   After appellant pleaded true to the

---

[1]      *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09 (West Supp. 2016).

allegation in an enhancement paragraph, the trial court assessed his punishment at one year of confinement and a fine of $500.00, suspended the sentence of confinement, and placed him on community supervision for 18 months.

On October 7, 2016, appellant's retained trial counsel filed a notice of appeal on his behalf, and the trial court permitted counsel to withdraw. The trial court found that appellant was not indigent and would retain counsel for appeal. However, no new counsel for appellant has since made an appearance in this appeal.

After the clerk's record was filed, this Court notified appellant that the trial court reporter had informed the Court that appellant had not paid, or made arrangements to pay, for the reporter's record and unless appellant caused the reporter's record to be filed, or provided proof that he was entitled to proceed without payment of costs, the Court would consider the appeal without a reporter's record. *See* TEX. R. APP. P. 37.3(c). After appellant did not respond, the Court ordered that the appeal would be submitted for a decision without a reporter's record and ordered that appellant file a brief no later than April 27, 2017. *See* TEX. R. APP. P. 38.6(a), 37.3(c). After appellant again did not respond, the Court notified appellant that a brief had not been filed and, unless he filed a brief within ten days, a hearing would be required. *See* TEX. R. APP. P. 38.8(b)(2), (3).

An appellant's failure to timely file a brief does not authorize dismissal of the appeal. TEX. R. APP. P. 38.8(b)(1). If an appellant's brief is not timely filed, the

2

appellate the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether he is indigent, or, if not, whether retained counsel has abandoned the appeal. TEX. R. APP. P. 38.8(b)(2), (3). If the trial court finds that an appellant no longer desires to prosecute his appeal, or that he is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require. TEX. R. APP. P. 38.8(b)(4).

On July 18, 2017, no brief having been filed, the Court abated the appeal and remanded the case to the trial court for a determination of whether appellant desired to prosecute his appeal and, if so, whether he is indigent and should have counsel appointed. *See id.* The record of the abatement hearing shows that the trial court stated that, despite its attempts to notify him of the hearing, appellant did not appear. The trial court further stated that it was unable to make findings as to whether appellant wished to continue his appeal or whether he is indigent and entitled to appointed counsel. On September 12, 2017, this Court reinstated the appeal and ordered that the appeal be considered without briefs, in the interest of justice. *See id.* Appellant did not respond.

Although the trial court did not specifically find that appellant no longer desires to prosecute his appeal, this Court, and others, have declined to re-abate and remand for such finding, and have instead considered the appeal without briefs,

3

when, as here, the appellant has not prosecuted his appeal and the trial court has found that he, despite notice, failed to appear at a hearing to determine whether he desired to continue his appeal. *See Garcia v. State*, 01-14-00939-CR, 2016 WL 3269931, at *1–2 (Tex. App.—Houston [1st Dist.] June 14, 2016, no pet.) (mem. op., not designated for publication) (declining to re-abate, holding that appellant no longer desired to prosecute appeal, and considering appeal without briefs); *Gonzalez v. State*, No. 01–05–01155–CR, 2007 WL 3227686, at *1 (Tex. App.—Houston [1st Dist.] Nov. 1, 2007, no pet.) (mem. op., not designated for publication) (declining to re-abate, holding that, because appellant had done nothing to prosecute appeal and had not kept this Court or the trial court informed of his whereabouts, he no longer desired to prosecute appeal, and considering appeal without briefs); *House v. State*, No. 01-00-01316-CR, 2002 WL 221619, at *1 (Tex. App.—Houston [1st Dist.] Feb. 14, 2002, no pet.) (not designated for publication) (holding that, because appellant had not kept this Court or his retained counsel informed of his whereabouts, he no longer desired to prosecute appeal, that further abatement was futile, and considering appeal without briefs); *Gilder v. State*, No. 01-97-01251, 2000 WL 1835308, at *1 (Tex. App.—Houston [1st Dist.] Dec. 14, 2000, no pet.) (not designated for publication) (holding that, although trial court did not make specific finding that appellant no longer wished to prosecute her appeal, "good cause" existed to suspend requirement of Rule 38.8(b)(4) that trial court make such finding, and, because "[n]o

4

issue of indigency has been raised" and appellant had not made the necessary arrangements for filing a brief, considering appeal without briefs); *see also Alexander v. State*, No. 04-15-00545-CR, 2016 WL 805494, at *1 (Tex. App.—San Antonio Mar. 2, 2016, no pet.) (mem. op., not designated for publication) ("[W]e construe appellant's failure to respond to the trial court's email and failure to appear at the hearing, along with appellant's failure to file a brief, as an indication that appellant no longer desires to pursue his appeal."); *Whittman v. State*, No. 03-08-00254-CR, 2009 WL 884796, at *1 (Tex. App.—Austin Apr. 2, 2009, no pet.) (mem. op., not designated for publication) (holding that, although it "ordinarily would require the trial court to hold a hearing to determine whether the appellant wishes to prosecute this appeal," appellant, based on his "failure to pay for the record, file a brief, or apprise us of his address," no longer wished to prosecute appeal, and considering appeal without briefs).

Appellant has not, since filing his notice of appeal and clerk's record over a year ago, filed anything in the appeal and has not responded to any of this Court's notices, which were sent to his last known address—the same address on file with the district clerk—and have not been returned as undelivered. We also note that the record shows that the terms of appellant's community supervision require him to keep his community supervision officer, and, in some circumstances, the trial court, informed of any address changes. We hold that good cause exists to suspend the

5

requirement that the trial court find that appellant no longer desires to prosecute his appeal and consider the appeal without briefs.  *See* TEX. R. APP. P. 2, 38.8(b)(4); *Garcia*, 2016 WL 3269931, at *1–2.

When we determine an appeal in a criminal case without the benefit of an appellant's brief, our review of the record is limited to fundamental error.  *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994); *Gilder*, 2000 WL 1835308, at *1; *see also Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002). Here, our examination of the trial court record reveals no fundamental error.

Accordingly, we affirm the judgment of the trial court.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.

Do not publish.  TEX. R. APP. P. 47.2(b).