# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00204-CR

**Ex parte Lawrence Parrish**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. D-1-DC-17-300768, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Lawrence Parrish appeals the trial court's order denying his pretrial application for writ of habeas corpus seeking a bail reduction. *See* Tex. Code Crim. Proc. arts. 11.08, 11.24.

The record reflects that appellant is confined in the Travis County Jail awaiting trial on a charge of aggravated assault against a public servant. On April 19, 2017, appellant filed a motion to reduce bond, which the trial court denied after conducting an evidentiary hearing. On March 19, 2018, appellant filed a "re-urged" motion to reduce bond as well as an application for writ of habeas corpus seeking a bail reduction. The trial court conducted a hearing that same day. Appellant did not offer any evidence but asked the court to "adopt the record" from the prior evidentiary hearing and again asked the court to reduce the bail amount from $500,000 to $50,000.[1] The trial court orally denied the motion to reduce bond. The trial court did not orally rule on appellant's habeas corpus application. On April 3, 2018, appellant filed a notice of appeal of the trial

---

[1] No reporter's record of that prior bond reduction hearing appears in the record before us.

court's "written order" denying habeas relief on March 19, 2018. The trial court signed an order on April 9, 2018, denying appellant's habeas corpus application but setting bail in the amount of $10,000.[2] *See* Tex. R. App. P. 27.1(b) (prematurely filed notice of appeal in criminal case is effective and deemed filed on same day appealable order is signed by trial court).

Appellant's brief in this matter was due on May 21, 2018, but no brief was filed. This Court's clerk sent a notice to appellant informing appellant that his brief was overdue and advising appellant that if the Court did not receive a motion for extension of time or a brief accompanied by a motion for extension of time on or before June 11, 2018, the cause would be submitted for consideration on the record alone. Appellant did not respond to the notice.

Rule 38.8 of the Texas Rules of Appellate Procedure provides that in criminal cases, under appropriate circumstances, "the appellate court may consider the appeal without briefs, as justice may require." Tex. R. App. P. 38.8(b)(4); *see Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). Appellant has not filed a brief on his behalf in this appeal despite being advised that the failure to file a brief would result in consideration of the appeal on the record alone. We therefore submitted the case without the benefit of briefs and, in the interest of justice, reviewed the entire record brought forth in this appeal for "unassigned fundamental error." *See Lott*, 874 S.W.2d at 688. Finding none, we affirm the trial court's order denying appellant's application for writ of habeas corpus. *See, e.g.*, *Dominguez v. State*, No. 03-14-00086-CR, 2016 WL 4429902, at *1 (Tex.

---

[2] Also on that date, the trial court signed the certification of appellant's right to appeal indicating that appellant "has the right of appeal," although the certification does not have appellant's signature. *See* Tex. R. App. P. 25.2(d) ("[T]he record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). . . . This notification shall be signed by the defendant[.]").

App.—Austin Aug. 19, 2016, no pet.) (mem. op., not designated for publication) (affirming trial court's denial of application for writ of habeas corpus after reviewing record for "unassigned fundamental error" when appellant failed to file brief despite being advised that failure to file brief would result in consideration of appeal on record alone).

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   July 10, 2018

Do Not Publish