# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00498-CR

**Matthew Kyle Castilleja, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY
### NO. 14-0537CR, HONORABLE ROBERT UPDEGROVE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Matthew Kyle Castilleja was charged with the offense of theft. *See* Tex. Penal Code § 31.03 (setting out elements of offense of theft); Act of May 9, 2011, 82d Leg., R.S., ch. 120, § 1, sec. 31.03(e)(3), 2011 Tex. Gen. Laws 608, 608 (providing that offense is "a Class A misdemeanor if the value of the property stolen is $500 or more but less than $1,500") (amended 2015) (current version at Tex. Penal Code § 31.03(e)(3)). At the end of the guilt-or-innocence phase, the jury found Castilleja guilty of the charged offense. The county court at law assessed Castilleja's punishment at confinement for one day and also imposed a fine, and the county court at law rendered its judgment of conviction. *See* Tex. Penal Code § 12.21 (setting out punishment range for Class A misdemeanor). Following his conviction, Castilleja filed his notice of appeal in July 2017.

In August 2017, this Court received a notice from the court reporter that no reporter's record had been prepared because "payment ha[d] not been received" from Castilleja and because

the county court at law had determined that Castilleja was not indigent, and this Court sent a notice to Castilleja informing him that if he did "not notify this Court that payment arrangements have been made for the record, or otherwise respond to this notice on or before **Friday, September 15, 2017**, the Court will consider the appeal without the reporter's record." *See* Tex. R. App. P. 37.3(c) (setting out circumstances under which appellate courts may consider appeal without reporter's record). To date, no reporter's record from the trial has been filed with this Court.

In October 2017, a few months after Castilleja filed his notice of appeal, this Court sent Castilleja a notice explaining that his appellant's brief was overdue and that if this Court did not receive a response to the notice, a hearing before the county court at law would be ordered. After receiving no response or appellant's brief, in February 2018, this Court abated and remanded the case to allow the county court at law to convene a hearing regarding whether Castilleja desired to pursue his appeal. *See id.* R. 38.8(b)(2), (3) (allowing appellate court to abate appeal and remand to trial court for "hearing to determine whether the appellant desires to prosecute his appeal").

During the hearing, Castilleja stated that he had moved and that he believed that this Court did not have his correct address because he had not received a copy of this Court's abatement order or a notice sent by this Court; however, Castilleja also related that he did receive the notice sent by the county court at law regarding the scheduled hearing because that notice had been sent to his father's home. After comparing the addresses for the notices sent by this Court and by the county court at law, the county court at law explained that the street name for the address used by this Court had one letter that was different from the address on file with the county court at law. Further, the county court at law provided Castilleja with a copy of our prior abatement order as well as a copy

2

of a notice that this Court issued in the matter containing this Court's phone number, and the county court at law instructed Castilleja to contact this Court and provide an updated address. Despite that instruction from the county court at law, Castilleja has not contacted this Court to update his address.

In the hearing, Castilleja related that he wanted to pursue his appeal but admitted that the county court at law had previously determined that he was not indigent, that he did not have an attorney, and that he made one unsuccessful attempt to contact an attorney for representation in this case but "didn't pursue anything after that." At the end of the hearing, the county court at law found that Castilleja was "not legally indigent," did "not have an attorney," was "aware that [he] needed to hire [his] own attorney and [had] not done so," and had "not made the necessary arrangements to file a brief." After receiving the reporter's record from the hearing containing the county court at law's findings, this case was reinstated.

Following reinstatement, this Court sent a notice to Castilleja at the address used by the county court at law informing him that "if this Court does not receive appellant's brief on or before **June 25, 2018**, this appeal will be considered without briefs." *See id.* R. 38.8(b)(4) (providing that if trial court finds "that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require"). To date, no appellant's brief has been filed in this matter.

Because Castilleja has failed to file a brief, there are no appellate issues properly before this Court. *See id.* R. 38.1(f) (setting out requirements for appellant's brief, including stating "concisely all issues or points presented for review"). Having reviewed the clerk's record in the interest of justice, we have found no unassigned fundamental error. *See id.* R. 37.3(c), 38.8(b)(4);

3

*Loft v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). Accordingly, we affirm the county court at law's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed:   August 3, 2018

Do Not Publish