# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-17-00484-CR

---

**In re Edward LaMoyne King**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 10-1235-K26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Appellant Edward LaMoyne King, an inmate appearing pro se, appeals the trial court's denial of his motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 64.01-.05. We will affirm.

## BACKGROUND

In 2012, King was convicted of aggravated assault with a deadly weapon. *See* Tex. Penal Code § 22.02(a)(2). After finding that King had at least two previous felony convictions, the jury assessed punishment at thirty-five years' imprisonment. King appealed his conviction to this Court, and his appointed appellate counsel filed a motion to withdraw supported by a brief in compliance with *Anders v. California*, 386 U.S. 738 (1967), stating that he had diligently reviewed the appellate record and concluded that there are no arguable grounds to be advanced. *See King v. State*, No. 03-12-00104-CR, 2013 WL 857250, at *1 (Tex. App.—Austin Mar. 6, 2013, no pet.) (mem. op., not designated for publication). Upon conducting an independent review of the record

and finding no reversible error, we granted counsel's motion to withdraw and affirmed the judgment of conviction. *Id.*

In March 2017, in the trial court, King filed a motion for post-conviction DNA testing under Chapter 64 and, the same day, a motion for appointment of counsel in connection with his motion for DNA testing. *See* Tex. Code Crim. Proc. art. 64.01 ("Motion"). In his motion for DNA testing, King did not specify what material he sought to have tested or provide any explanation as to why he believed that DNA testing was warranted. On June 12, the trial court wrote to King, asking him, "please respond with the specific evidence you are alleging should be tested and the facts that support your request." Nothing in the record indicates that King complied with the trial court's request to provide additional information. On June 13, the State filed a written response, stating in relevant part:

> The State is not aware of any biological evidence nor any evidence containing biological material that exists to be tested. The undersigned district attorney can find no indication from the State's file that any such evidence was ever collected. . . . The undersigned assistant district attorney has requested a list of any such evidence in the possession of the Round Rock Police Department and has been told they have none.

On June 16, 2017, without conducting a hearing, the trial court expressly denied King's motion for DNA testing. In its order, the Court found that "no evidence exists to test as required under Texas Code of Criminal Procedure, article 64.03, section (a)(1)(A)" and that "[King] has not established by a preponderance of the evidence that he would not have been convicted in this case if exculpatory results had been obtained through DNA testing, a prerequisite for testing as required under Texas Code of Criminal Procedure, article 64.03, section (a)(2)(A)."

2

King then filed his notice of appeal in this Court. *See id.* art. 64.05 ("Appeals"). Less than one month later, King filed a motion to abate his appeal, requesting that we remand his case to the trial court for the purpose of having counsel appointed to represent him in this appeal. King also requested additional time to file his appellate brief.

On February 1, 2018, this Court issued an order disposing of King's motion to abate. *See generally In re King*, No. 03-17-00484-CR, 2018 WL 699326 (Tex. App.—Austin Feb. 1, 2018, order) (per curiam) (not designated for publication). In our order, we explained that a convicted person has a limited statutory right to counsel in Chapter 64 proceedings, including on appeal, and that King had failed to obtain the findings required by the statute for the appointment of counsel. *Id.* at *1 (citing Tex. Code Crim. Proc. art. 64.01(c) (requirements for appointment of counsel); *see Aekins v. State*, No. 07-15-00139-CR, 2015 WL 6082312, at *2 (Tex. App.—Amarillo Oct. 15, 2015, order) (per curiam), *disp. on merits*, 2016 WL 2609597 (Tex. App.—Amarillo May 4, 2016, no pet.) (mem. op., not designated for publication) (denying request for remand for appointment of counsel in appeal of denial of motion for DNA testing)); *see also Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (concluding that trial court's refusal to appoint counsel is appealable, but not "immediately appealable"). Accordingly, we denied King's motion to abate and remand the case for appointment of counsel. *In re King,* 2018 WL 699326, at *1. We also separately informed King by letter that, on our own motion, we had extended his deadline to file his appellate brief to March 5, 2018.

On May 16, 2018, we notified King by letter that his brief was past due and that if he did not file a motion for extension of time or a brief accompanied by a motion for extension of time

3

by May 29, 2018, the Court would consider and decide the appeal from the record alone.[1] To date, King has not filed a brief or any other correspondence explaining his noncompliance.

## DISCUSSION

Chapter 64 authorizes post-conviction DNA testing, the results of which may be used in a later habeas proceeding, if the applicant demonstrates that the requirements enumerated in the statute have been satisfied. *In re Garcia*, 863 S.W.3d 819, 821-22 (Tex. App.—Austin 2012, no pet.) (citing Tex. Code Crim. Proc. art. 64.03 (requirements for ordering DNA testing)). "Basic requirements [for post-conviction DNA testing] are that biological evidence exists, that evidence is in a condition that it can be tested, that the identity of the perpetrator is or was an issue, and that this is the type of case in which exculpatory DNA results would make a difference." *Ex parte Gutierrez*, 337 S.W.3d 883, 891 (Tex. Crim. App. 2011).

When a defendant moves for the assistance of counsel in Chapter 64 proceedings, his limited right to counsel is conditioned on a determination that reasonable grounds exist for the filing of a motion for DNA testing. *See* Tex. Code Crim. Proc. art. 64.01(c) (requiring trial court to

---

[1] Rule 38.8(b)(4) of the Texas Rules of Appellate Procedure provides that an appellate court in a criminal case may consider an appeal without briefs, "as justice may require." Tex. R. App. P. 38.8(b)(4). This Court, applying Rule 38.8(b)(4), has considered without briefs a Chapter 64 appeal in which the appellant failed to establish his entitlement to counsel. *Ates v. State*, No. 03-15-00307-CR, 2016 WL 3361173, at *1 (Tex. App.—Austin June 8, 2016, no pet.) (mem. op., not designated for publication). Likewise, we will consider this appeal without briefs and will review the record for unassigned fundamental error. *See also* Tex. Code Crim. Proc. art. 44.33(b) (providing that appellant's failure to file brief shall not authorize dismissal of appeal); *Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (considering appeal without briefs and affirming after finding "no unassigned fundamental error"); *Aekins v. State*, No. 07-15-00139-CR, 2016 WL 2609597, at *2-3 (Tex. App.—Amarillo May 4, 2016, no pet.) (mem. op., not designated for publication) (review of record in Chapter 64 proceeding for fundamental error).

appoint counsel "if the person informs the court that the person wishes to submit a motion [for DNA testing], the courts finds reasonable grounds for a motion to be filed, and the court determines that the person is indigent"). A defendant seeking the appointment of counsel is not required to prove his entitlement to DNA testing, but he must "demonstrate reasonable grounds for the motion [for DNA testing] to be filed." *Ates v. State*, No. 03-15-00307-CR, 2016 WL 3361173, at *1 (Tex. App.—Austin June 8, 2016, no pet.) (mem. op., not designated for publication) (citing *Atkins v. State*, No. 14-12-00482-CR, 2012 WL 6632333, at *3 (Tex. App.—Houston [14th Dist.] Dec. 20, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication)). "Reasonable grounds are present when the facts stated in the request for counsel or otherwise known to the convicting court reasonably suggest that a 'valid' or 'viable' argument for testing can be made." *See Gutierrez*, 337 S.W.3d 883 at 891.

Here, King's motion for DNA testing wholly fails to state any grounds for requesting DNA testing or to include sworn facts that support his request.[2] *See* Tex. Code Crim. Proc. art. 64.01(a–1) (motion must be accompanied by affidavit containing statements of fact in support of

---

[2] King filed a document entitled "sworn affidavit" with his motion for DNA testing, which states:

> My name is Edward L. King, and I am filing this, my sworn statement, that it is my belief that the DNA found in the above cause number, State of Texas v. Edward L. King, is not my DNA.

> This DNA test will prove that I have been wrongfully incarcerated within TDCJ. I am requesting that an order for DNA testing be issued to that which is in possession of the state (Williamson County District Attorney's Office), and that these results be made known to the court and defendant.

King's "sworn affidavit" fails to present any facts from which the trial court could evaluate whether the statutory requirements for DNA testing were met.

motion). King's motion does not identify what evidence should be tested or explain whether such evidence still exists and is capable of being tested. *See id.* art. 64.03(a)(1)(A), (B). In addition, King's motion does not provide any explanation or assert any facts suggesting that identity was an issue in his case or that he would not have been convicted had exculpatory DNA results been obtained. *See id.* art. 64.03(a)(1)(C), (2)(A).

Having examined the record, we conclude that King failed to establish reasonable grounds for the motion for DNA testing to be filed. *See Gutierrez*, 337 S.W.3d at 890 (application-of-law-to-fact issues that do not turn on witness credibility and demeanor are reviewed de novo). We find no fundamental error in the trial court's denial of King's motion for DNA testing or in its denial of his request for appointment of counsel.

## CONCLUSION

We affirm the trial court's order denying King's motion for DNA testing.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:  August 16, 2018

Do Not Publish

6