**Affirmed and Memorandum Opinion filed February 21, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00157-CR

**ARTHUR CHRISTOPHER TATUM, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 271613**

## M E M O R A N D U M   O P I N I O N

Appellant appeals the denial of his Motion for Post-Conviction DNA Testing. Appellant requested appointment of counsel on appeal. On June 7, 2018, this court abated the appeal and ordered the trial court to determine whether appellant was entitled to appointment of counsel under *Ex parte Gutierrez*, 337 S.W.3d 883, 891– 92 (Tex. Crim. App. 2011). Pursuant to this court's order, the trial court made the following findings:

> The Court having reviewed the post-conviction request for DNA testing and court-appointed counsel denied the request for the following reason:
>
> The Appellant, Arthur Christopher Tatum, did not set out any fact or allegations to support a finding that DNA testing and appointment of an attorney are reasonable.
>
> THEREFORE, the Court finds that reasonable grounds do not exist for the filing of Appellant's motion.

After receiving the trial court's findings this court reinstated the appeal and set appellant's brief due July 23, 2018. On August 14, 2018, this court issued an order explaining that the trial court already had conducted a hearing to determine whether appellant was entitled to counsel. Because the trial court held a hearing and appellant had not filed a brief, this court ordered appellant to file a brief on or before September 12, 2018. We explained that if appellant failed to file his brief as ordered we would decide the appeal on the record before the court. *See* Tex. R. App. P. 38.8(b)(4). No brief was filed.

Therefore, we have considered the appeal without briefs and have searched the record for "fundamental" error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994). The Court of Criminal Appeals recently addressed whether the doctrine of fundamental error and reiterated that it "had already rejected the idea that 'fundamental error,' as a freestanding doctrine of error-preservation, exists independently from" the categorized approach the court set out in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). *Proenza v. State*, 541 S.W.3d 786, 793 (Tex. Crim. App. 2017).

In *Proenza*, the court stated: "In *Marin*, we described the Texas criminal adjudicatory system as containing error-preservation 'rules of three distinct kinds: (1) absolute requirements and prohibitions; (2) rights of litigants which must be implemented by the system unless expressly waived; and (3) rights of litigants which

2

are to be implemented upon request.'" 541 S.W.3d at 792 (quoting *Marin*, 851 S.W.2d at 279). The high court "referred to these separate classifications as category-one, -two, and -three *Marin* rights, respectively." *Id*. If an alleged error falls into one of the first two *Marin* categories—if it involves (1) a violation of an absolute systemic requirement, or (2) a violation of a right that is waivable only— the error may be raised for the first time on appeal. *See id*. All other complaints involve category-three rights that are forfeited unless preserved. *See Loge v. State*, 550 S.W.3d 366, 377–78 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

On the basis of the trial court's findings, this court has considered the appeal without briefs. *See* Tex. R. App. P. 38.8(b). We find no violation of an absolute systemic requirement or of a right that is waivable only. *See Marin*, 851 S.W.2d at 279.

Accordingly, the judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Jewell and Bourliot.
Do Not Publish — Tex. R. App. P. 47.2(b).