Opinion issued July 16, 2019



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-18-00357-CR

_____

**JOHN LAURIE BUSH, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 1**
**Brazoria County, Texas**
**Trial Court Case No. 221956**

---

## MEMORANDUM OPINION

Appellant, John Laurie Bush, Jr., pleaded guilty, with an agreed recommendation from the State regarding punishment, to three "counts" of making terroristic threats. *See* TEX. PENAL CODE § 22.07. The trial court found appellant

guilty as charged, suspended his sentence, and placed him on community supervision for 24 months, with a $1,500 fine for each count. The trial court certified appellant's right to appeal punishment only.

Appellant filed his notice of appeal on May 4, 2018. The clerk's record was filed on May 21, 2018. After the court reporter notified this Court that appellant did not make arrangements to pay for a reporter's record, this Court notified him that unless he provided proof of payment, or proof of having made payment arrangements, for the reporter's record, or provided a response showing that he was exempt from paying for the reporter's record, by September 10, 2018, the Court might move forward to consider and decide those issues or points that did not require a reporter's record. *See* TEX. R. APP. P. 37.3(c). Appellant did not respond.

On January 24, 2019, the Court notified appellant that it would consider and decide those issues or points that did not require a reporter's record for a decision and ordered that appellant file his brief no later than February 25, 2019. *See id.* After appellant did not file a brief, the Court notified appellant that, unless he filed a brief or extension request within 10 days, the Court would order the trial court to conduct a hearing in the matter. *See* TEX. R. APP. P. 38.8(b)(2). Appellant did not respond.

On April 30, 2019, this Court abated the appeal and remanded the case to the trial court to conduct a hearing on, and to make findings and recommendations

concerning, whether appellant still wished to prosecute his appeal, whether appellant was indigent, or, if not indigent, whether retained counsel had abandoned the appeal. *See id.* 38.8(b)(2), (3).

On May 15, 2019, the trial court held a hearing, at which appellant's retained trial counsel and the State appeared, but appellant did not appear. At the hearing, the trial court noted that it sent notice of the hearing to appellant at his address on file with the community supervision program. Because appellant did not appear, it could not ascertain whether he had abandoned the appeal.

The trial court filed written findings of fact and conclusions of law, as follows:

1) The appellant initially expressed his desire to appeal the judgment in the above-entitled matter, and trial counsel filed a motion for new trial and notice of appeal at the appellant's request.

2) The appellant retained Jeff Purvis to represent him in the trial of the above-entitled matter. New arrangements for retaining Mr. Purvis's services to prosecute the appeal were necessary and discussed with the appellant.

3) The appellant failed to finalize a retainer agreement with Mr. Purvis to file an appellate brief. There is also no indication the appellant attempted to retain the services of any other attorney for the appeal.

4) There is no evidence that appellant is indigent. He is not incarcerated. He has never requested the appointment [of] counsel either before or after trial on the above-entitled matter. The appellant also represented that he was doing well financially in discussions with Mr. Purvis.

5) This Court granted Mr. [Purvis's] motion to withdraw from this case on September 27, 2018, and that appell[ant] agreed to

3

counsel's withdrawal was evident by the appellant's signature on this Court's order.

6) While there is no indication as to whether the appellant wishes to prosecute the appeal, the record shows that the appellant's trial counsel, Jeff Purvis, did not abandon the appeal, but was allowed to withdraw from the case with the consent of the appellant.

7) The Court further finds that there is no evidence that the appellant is not [sic[1]] indigent, but he has not made the necessary arrangements for filing a brief. Accordingly, the Court of Appeals may consider the appeal without briefs, as justice may require pursuant to Rule 38.8(b)(4).

The trial court's findings and recommendations having been filed, this Court reinstated the appeal on June 6, 2019.

In a criminal case, when an appellant has not filed a brief, the Court may, in the interest of justice, consider the appeal on the record alone to determine if fundamental error exists. *See* TEX. R. APP. P. 38.8(b)(1), (b)(4) ("If the trial court has found that the appellant . . . is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require"); *Washington v. State*, No. 01-13-01038-CR, 2015 WL 7300511, at *2 (Tex. App.—Houston [1st Dist.] Nov. 19, 2015, no pet.) (mem. op., not designated for publication).

Fundamental error falls into two categories: (1) the denial of absolute, systemic requirements and (2) the violation of rights that are "waivable-only."

---

[1] Read in the context of the trial court's findings and the applicable rule, Texas Rule of Appellate Procedure 38.8(b)(4), we interpret this as a typographical error.

4

*Saldano v. State*, 70 S.W.3d 873, 887–88 (Tex. Crim. App. 2002). Fundamental error includes: (1) a denial of the right to counsel; (2) a denial of the right to a jury trial; (3) a denial of ten days' preparation before trial for appointed counsel; (4) an absence of jurisdiction over the defendant; (5) an absence of subject-matter jurisdiction; (6) prosecution under a penal statute that does not comply with the Separation of Powers Section of the state constitution; (7) jury charge errors resulting in egregious harm; (8) holding trials at a location other than the county seat; (9) prosecution under an ex post facto law; and (10) comments by a trial court that taint the presumption of innocence. *Rostro v. State*, No. 01-11-00556-CR, 2014 WL 6068419, at *1 (Tex. App.—Houston [1st Dist.] Nov. 13, 2014, no pet.) (mem. op., not designated for publication).

Because appellant did not pay, or make arrangements to pay, for the reporter's record in this case, only the clerk's record is presented for review. We have reviewed the clerk's record for fundamental error. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. Crim. App. 1994) (reviewing appeal for unassigned fundamental error when appellant failed to file brief); *Washington*, 2015 WL 7300511, at * 1–2; *Rostro*, 2014 WL 6068419, at *1–2. Finding none, we affirm the trial court's judgment.

## Conclusion

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Hightower.

Do not publish.  Tex. R. App. P. 47.2(b).