

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| JOSE LUIS GUITERREZ-JIMENEZ, | § | No. 08-21-00198-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 2 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| State. | § | (TC# 20210C01651) |
| | § | |

**O R D E R**

On January 3, 2022, this Court received a motion to withdraw as attorney of record from Francisco F. Macias. Macias stated that a conflict precluded him from representing Appellant on appeal because Appellant could not be located and Macias was the only other person who could testify as to his client's state of mind with respect to certain legal issues, meaning that Macias could not represent Appellant any longer because Macias had been converted into a fact witness.

On January 6, 2022, we issued an order stating that in addition to the motion to withdraw, we had received two separate notifications from the County Clerk filed prior to counsel's withdrawal motion informing us that the Clerk's Record designation had not yet been made. We ordered the trial court to conduct a hearing to determine (1) whether Appellant wished to continue the appeal and (2) whether Appellant was entitled to the appointment of new counsel.

The trial court held a hearing on January 18, 2022. Appellant did not appear for the hearing. Following the conclusion of the hearing, the trial court found that Appellant could not be located and granted Macias' motion to withdraw, finding there was good cause for Macias to withdraw based on a conflict. However, the trial court did not appoint new counsel or make findings as to whether Appellant would be entitled to the appointment of new counsel.

Under the circumstances, we find that appointment of new counsel is proper. We may not dismiss a criminal appeal unless the appellant either files a motion to voluntarily dismiss the appeal, *see* TEX.R.APP.P. 42.2(a), or the State files a motion to dismiss the appeal if the appellant

1

escapes from custody. *See* Tex.R.App.P. 42.4. Absent those circumstances, the appeal must continue. *See Lott v. State*, 874 S.W.2d 687, 688 (Tex. 1994)(submitting criminal appeal where appellant failed to file briefs and reviewing entire record for fundamental error); *Bruner v. State*, No. 05-19-00356-CR, 2019 WL 4594212, at *2-*3 (Tex.App.--Dallas Sept. 23, 2019, no pet.)(mem. op.).

Because the record does not show that Appellant affirmatively waived his right to an appeal, we find that this appeal must move forward and that new counsel must be appointed. *Cf. In re J.A.C.*, No. 08-19-0042-CV (Tex.App.--El Paso Sept. 27, 2019)(order)(counsel's duty to represent juvenile defendant who could not be located on appeal continued because record did not affirmatively show juvenile defendant waived right to appeal).

Therefore, we ORDER the trial court to, within 15 days of this order, appoint Appellant new counsel to represent him on appeal. Our previous requirement from our January 6, 2022, order that "[n]ew counsel is to make satisfactory arrangements within the County Clerk within 15 days after their appointment" remains in effect. The order of appointment must be included in the clerk's record once satisfactory arrangements are met. The county clerk must file a request for an extension or the clerk's record within 15 days after satisfactory arrangements are made. Because the trial court already granted Macias' motion to withdraw, we deny Macias' pending motion to withdraw in this Court as moot.

IT IS SO ORDERED this 22nd day of March, 2022.

PER CURIAM

Before Rodriguez, C.J., Palafox and Alley, JJ.